## SUPREME COURT.

MANUEL BLASON and others agt. SANTIAGO BRUNO, impleaded, &c.

The *offence* of disposing of property to defraud creditors, cannot be committed in a *foreign country* between *foreigners*, so as to bring the case within the provisions of the Code to cause the defendants *arrest here*, although he brings his property here.

A different rule exists when the defendant takes the property of *another unlawfully* in a foreign land and brings it here.

An *affidavit* for an *arrest* is defective in stating the principal matters on *information and belief*. Where such facts are not within the actual knowledge of the plaintiff or his witnesses, *information* may be stated ; but the *sources* of such information must also be stated.

*New York Special Term, May,* 1861.
MOTION to vacate orders of arrest.

INGRAHAM, Justice.    The defendant was arrested in this action, upon the ground that he had disposed of his property with intent to defraud his creditors.

A motion is now made for his discharge upon the original affidavit, on which the order of arrest was granted.

The disposition of property complained of was the collection of his debts in the Island of Cuba and bringing the proceeds to this country, after he had stated to some persons that he intended to go with the money to Havana and pay his creditors.

All the parties were residents of Cuba, and the whole transaction was in Cuba, excepting the arrival of the defendant in this country.

The cause of action set up in these papers appears to me to be totally insufficient to sustain the order of arrest.

I do not think the offence of disposing of property to defraud creditors can be committed in a foreign country between foreigners, so as to bring the case within the provisions of the Code on this subject.

The parties are not cognizant of or subject to our laws, are not supposed to know them, and cannot be said to violate them.

There is nothing in the section of the Code referred to which in any way warrants the supposition that it was intended to apply to acts committed by foreigners in a foreign country. The removal or fraudulent disposition of property contemplated by that statute, must be within the limits of the state, and if nothing is done here to warrant the conclusion that such removal was fraudulent, then the defendant is not liable to arrest under our laws.

A different rule exists when the defendant takes the property of another unlawfully in a foreign land, and brings it here. In such a case the action is brought for the property, and the right to recover for it here is based not merely upon a fraud committed abroad, but upon the continued possession of the property obtained through such fraud; and then the act complained of forms the cause of action, and not the mere cause for imprisonment.

The affidavit is also defective in stating the principal matters relied upon to be on information or belief. Where such facts are not within the actual knowledge of the plaintiff or his witnesses, information may be stated; but in such a case the sources of the information must be stated, so that the court can see to what extent the information can be relied on, and that it was not communicated for the purpose merely of making the affidavit.

Another defect in the affidavit is, that it nowhere shows that the defendant did not go to Havana prior to coming to this country. As that was the only fact from which any fraud could be presumed, it should have been shown that the defendant had avoided doing what he had declared to be his intention, prior to his collecting his moneys, and leaving for the United States.

There are also other objections to the sufficiency of the affidavit in this case; but as those above mentioned are fatal to the order of arrest, it is not necessary to enumerate them.

It may well be inferred that the defendant came to this country, and brought his funds with him, with the intent to prevent his creditors in Havana from obtaining his property, and if so, it seems but right to aid the creditor in following his debtor to obtain payment; but that can only be done when the creditor brings himself and his debtor within the provisions of our laws. In the present case, the facts disclosed in the plaintiff's affidavit do not warrant his arrest, and the order therefor must be vacated, and the defendant discharged in each of the cases before me, the defendant stipulating not to bring any action therefor.