W. H. HUGHES, ADM'R. &c., v. THOMAS J. PERSON and others.

Where an affidavit, made to obtain an order of arrest, and an attachment, is based upon an apprehension by the affiant of some *future* fraudulent act by the defendant, such affidavit must specify the grounds of the apprehension; but where the affidavit relies upon an act already done, it need state it only in general terms; as, *here,* "That the said P. has disposed of and secreted his property with intent to defraud his creditors."

MOTIONS, to vacate an order of arrest, and to discharge an attachment, made before *Watts, J.,* at NORTHAMPTON, at Spring Term, 1869.

The allegation upon which the order, and attachment had been granted, was (so far as material here) as follows:

"That the said Thomas J. Person has disposed of and secreted his property, with intent to defraud his creditors."

His Honor allowed the motions, and the plaintiff appealed.

*Barnes* and *Peebles. & Peebles*, for the appellants.
*Bragg, Conigland* and *Ransom, contra.*

The affidavit to obtain a warrant of attachment, must be explicit; and made, in general, upon positive knowledge of the deponent so far as to establish a *prima facie* case, Hoff. Prov. Rem. 14, 419 to 422, and at p. 48. Where it appears that it has been repeatedly held in N. Y., that an affidavit using the *words* of the Statute merely, without stating any facts, is insufficient, 1 Whitaker, 505 and Seq.

The affidavit for an arrest, must state the facts and circumstances, from which the officer granting the order, can draw his own conclusion respecting the sufficiency of cause for arrest, 1 Tiff. 241—2.

It must make out a *prima facie* case, 1 Tiff. 243.

READE, J. His Honor "vacated the order of arrest, and discharged the attachment" "in consequence of the insufficiency of the affidavit upon which they were issued." and from this there was an appeal.

There were many points presented in the argument at this bar, but we consider that only upon which the case was disposed of below,—the sufficiency of the affidavit.

The words in the Code are "removed or disposed of," &c. The words in the affidavit are "disposed of and secreted, &c." It was objected, not that the change of the words would make any material difference, but that it would not be sufficient if the affidavit were in the very words of the Code; for, that it is necessary that the affidavit should state the *facts* which are supposed to make out the case, so that the Court can see from the facts set out, whether there has been a fraudulent disposition. The cases from the New York Courts seem to support the objection; and we follow these cases so far as to declare that when the plaintiff in his affidavit for the attachment or arrest, relies upon his apprehension of what the defendant is

about to do,—as if he declare that he has reason to believe
and does believe that the defendant *is about to dispose* of his
property, &c., he must state why he thinks so; in order that
the Court may judge of the reasonableness of his fears.   But
where he swears that the thing *has been done*, we do not see
the propriety of requiring him to specify *how* it has been done,
although it would be prudent for him to do so when the facts
are known.   But it might be impossible for him to do so; for
in fraudulent dispositions, concealment and deception are
common.   It might therefore operate to the prejudice of the
plaintiff to require him to specify; for, while he might be
satisfied of the fact generally, he might be unable, for want
of time, to state particulars.   And if he should undertake to
specify, and should be mistaken, he might be confined to his
specifications, when he could prove other particulars.   On the
other hand, there can be no hardship upon the defendant; for if
the plaintiff swears generally that the defendant has fraudu-
ently disposed of his property, when he has not, the plaintiff
may be indicted for perjury; and upon the defendant's general
denial of a general allegation, he would be entitled to a dis-
charge unless the plaintiff would then tender particulars and
join issue.   There is error.

Let this be certified, &c.

PER CURIAM.                                   Error.

NOTE,—The same decision was made in *John J. Long* v. *Thomas J. Person*,
and *W. T. Stephenson* v. *Thomas J. Person;*—argued by the counsel in the
case above.