## J. T. BACKALAN *v.* M. S. LITTLEFIELD.

Nothwithstanding the provisions of its eleventh section, the act of 1868-'9 ch. 76, Suspending the present Code, is to be construed as requiring *the summons* in cases where the defendant is *a non-resident,* to be returned *to the term* of the court.

That section requires *the warrant* of attachment to *be* returned *before the clerk.*

An attachment which specifies no day or place of return, is irregular, and therefore voidable ; but such defect is waived if the defendant appears and gives an undertaking for the re-delivery of the property seized.

(*McAdoo* v. *Benbow* 63 N. C. 461, cited and approved.)

MOTION to quash a summons and warrant of attachment for irregularity, made before *Watts, J.,* at Fall Term 1869 of WAKE Court.

The Summons issued August 16th 1869, returnable before Judge of Superior Court in term time ; Returned executed on same day ; Complaint filed with summons ; Affidavit that defendant is a non-resident. The Attachment issued from the Clerk of the Superior Court, commanding the sheriff "to attach and safely keep all the property of the defendant in your county, or so much thereof as may be sufficient to satisfy said demand, with costs and expenses," without any day or place named for a return. The sheriff on 25th of August levied the attachment on certain property. On 16th Aug. order of publication was made for defendant to appear and answer at the regular term of the Court to which the summons was returnable. On the 27th of August, defendant entered into an undertaking according to the C. C. P., and thereupon the Clerk of the Superior Court discharged the attachment. At the regular term of the Superior Court there was a motion to quash the attachment and summons, for irregularity, which was sustained ; and also a motion for judgment by default on the complaint, (so we understand it,) which was overruled.

The plaintiff appealed.

*Mason,* for the appellant.
*Phillips & Merrimon, contra.*

RODMAN, J.  (After stating the case as above.) The case presents several questions of practice:

1. The summons was properly returnable before the Judge in term time.  This was held in *McAdoo* v. *Benbow*, 63 N. C. 461, and we are not disposed to reverse that case.  The provision in sec. 11, of the Act of 1868–9, ch. 76, that the act shall not apply to proceedings by attachment, does not mean that the requirement, in sec. 2, that the summons shall be returnable in term, does not apply to an action in the course of which an attachment may be taken out.  To give it that construction, would be to make the suing out an attachment, or not, affect the form of the previous process, which would be a strained one, and is not necessary to give full effect to the exception.

2. The exception means that the act shall not affect the return of the attachment required by C. C. P., S., 190, which remains as therein provided, that is, before the clerk.  Any motion to vacate, or modify, may be made before the court or the Judge of the district.  This does not imply that the attachment and the summons are proceedings in different actions; on the contrary, they are in one and the same action, and in the same court.  In the Code, the clerk and the Judge are but parts of one court, each having his respective jurisdiction.  Upon an appeal to the Judge, from any judgment of the clerk, on a motion respecting the attachment, only the particular order or judgment appealed from, would go up.

3. The attachment was irregular, because it did not state when and where it should be returned, S. 203, C. C. P.; and and it is contended that it was void, and that the defect could not be cured by any subsequent waiver.  It seems to us, however, that the attachment, in this case, was merely irregular, and that the irregularity was waived by the defendants appearing, and giving the undertaking required to have a return of the property.  I have not seen, anywhere, an attempt made to draw the line in principle, between process

which is void, and that which is only voidable, although the difference is important in its consequences, for the sheriff may justify, under voidable process, but not under void; the books confine themselves to giving illustrations of each. 1 *Tidd,, Pr.*, 512, *McNamara on Nullities.* The only object there can be in requiring an attachment to have a certain time and place of return, is, that the defendant may know when and where to appear, and move in it. In this case, the defendant, through the advertisement, and otherwise, obtained sufficient knowledge, and therefore, was not, in any way damaged by the omission. We think the Judge erred in quashing the attachment, and that the defendant was entitled to plead to the complaint.

Judgment reversed. Let this opinion be certified to the Judge of the Superior Court of Wake County, in order that the defendant may answer or demur, and such other proceedings may be had as are proper.

PER CURIAM. Reversed.