GASHINE, EMORY & CO. *v.* BAER & EPPLER.

An affidavit which alleges, as grounds for an attachment, that the affiant "believes that the defendants have disposed of their property and are still doing so, with the intent to defraud their creditors"; also, that "the defendants being largely indebted, if not insolvent, have sold and are selling their large stock of goods, at less than the cost of the same. in the city of New York, and have disposed of other valuable property for cash," is not only sufficient, but very full and explicit. (*Hughes* v. *Person*, 63 N. C. 548, cited and approved.)

MOTION to set aside a warrant of attachment, made before *Thomas, J.*, at January Special Term 1870, of CRAVEN Court.

GASHINE, EMORY & CO. *v.* BAER & EPPLER.

The motion was based upon the alleged insufficiency of the affidavit, which, in the part impeached, was: "4th, That affiant has reason to believe, and that he does believe, that the defendants have disposed of their property, and are still doing so, with the intent to defraud their creditors; 5th, That the grounds of his belief are, that the defendants being largely indebted, if not insolvent, have sold and are rapidly selling, their large stock of goods at less than the cost of the same in the city of New York, and have disposed of other valuable property recently for cash."

His Honor refused to make the order applied for, and the defendants appealed.

*Manly & Haughton* for the appellants.
*Green and Mason, contra.*

SETTLE, J. The defendants objected to the sufficiency of the affidavit upon which this attachment is founded.

The objection was properly overruled, as the affidavit is not only sufficient, but very full and explicit in stating facts, which make out a *prima facie* case.

The matter is discussed in the late case of *Hughes* v. *Person,* 63 N. C. 548, and we will content ourselves with a reference to that case.

PER CURIAM. Judgment affirmed.