Brady, J.
The plaintiffs sent to the defendants a package of bank notes, issued by the banks of Cleveland, Ohio, of the value of two thousand four hundred dollars, with instructions, per letter, directing them to send their draft therefor to Abrm. Bell & Sons.
The defendants advised the plaintiffs of the receipt of the money and instructions, and in the letter of advice stated that they had remitted, pursuant to instructions.
*113 They did not, however, remit, as stated, or account for the money, but used it for their own purposes.
It appears that the parties, prior to that remittance, had business transactions of a kindred character, but it does not appear that any of them remained unfinished when the last remittance was made.
It is assumed from these transactions, that the relation of debtor and creditor was created, and that the defendants did not, therefore, receive the money upon any trust.
This position cannot be maintained. The remittance was for a particular purpose, and was so understood by the defendants. They acknowledged its receipt, as already stated, and advised the plaintiffs that the application of the funds had been made as directed. That such a violation of duty and appropriation of funds as marks the conduct of the defendants, renders them liable to arrest under the provisions of the Code of Procedure, there can be no doubt.
The jurisdiction of this court cannot be doubted, although the parties hereto are residents of another State. The defendant who was arrested, by coming hither, subjected himself to the lex fori which prevails in this State; and therefore to arrest, even if, for the charge against him, he could not be arrested at his place of residence.
The doctrine has been declared in a case in which, as in this case, the parties were not residents of this State (Smith v. Spinola, 2 Johns., 198; Sicard v. Whale, 11 Id., 194). The lex fori governs in such cases (City Bank v. Lumley, 28 How. Pr., 397). The case of Blason v. Bruno 33 Barb., 520 , does not conflict with these views.
That case is an authority only for the proposition that an order of arrest upon the charge of fraudulently disposing of property should not be granted, when the *114 fraud complained of was not committed in this State, and the property not brought here.
Whether it would not be the better exercise of discretion to refuse to grant an order of arrest in an action between parties residing in the same, but not in this State, is a subject upon which judges may differ.
In this case, however,. the order having been granted, the discretion having been, therefore, exercised, and the order being lawful, it cannot be discharged.
Motion denied.