BROWN, DANIEL & CO. *v.* P. B. HAWKINS.

Where a motion to discharge a warrant of attachment had been made in the Superior Court, and the motion allowed, and the plaintiff appealed to the Supreme Court and that Court had reversed the order, and upon the opinion being certified to the Superior Court, for further proceedings, and the case being called, His Honor heard affidavits of facts, alleged to have existed at time of first decision, and gave judgment, discharging the warrant: *Held,* To be erroneous, and that the decision first made was final, at least as to fact existing at the time of that decision.

MOTION to dismiss a warrant of attachment, heard before *Watts, J.,* at Spring Term 1872, EDGECOMBE Court.

This case was before this Court at June Term, 1871, and and this Court decided as follows: " order discharging the attachment modified by refusing the motion, but allowing the defendant to take the property, provided an undertaking be filed as required by C. C. P., sec. 213."

When the case was again before the Superior Court of Edgecombe, motion to dismiss was again made, and an affidavit as to facts existing at the time of the former motion, was offered, and his Honor again gave judgment discharging the warrant of attachment, and the plaintiff appealed.

*Battle & Sons,* for appellant.
*Phillips & Merrimon,* contra.

BOYDEN, J.   The counsel for the defendant and his Honor have wholly mistaken the effect of the decision of this Court in this very case made at June Term, 1871, and upon the very point now in question.   Upon what ground it was supposed that without any change in the facts of the case, as they existed at the time of the first decision, the Court below could rehear and revise the decision of this Court, we are at a loss to conceive.   It is not to be tolerated that a party should bring in his case for a decision of the Court, and after an appeal to the Supreme Court and a decision against him, and when the case is about to be proceeded with in the Court below, the party may then supply facts which existed, when the first decision was made, and demand a new hearing upon the very point theretofore decided.

The decision first made during the subsequent progress of the cause, must be regarded as final and conclusive, at least so far as regards the facts that existed at the time of that decision.

We do not say that circumstances may not arise after a motion to discharge an attachment that would authorize the party to make a second motion after the first decision. But certainly it must be upon a state of facts not existing at the first decision.

Here, if we could regard the affidavit of Wynne, there is no pretence of any new facts, but it is a mere attempt to supply a supposed defect in the case as first made.   The

decision of his Honor is reversed and the costs to be taxed by the Clerk.

This will be certified.

PER CURIAM.          .          Judgment reversed.