W. P. LOVE & CO., *v.* G. W. YOUNG *et al.*

An affidavit for a warrant of attachment, under the C. C. P., sec. 201 (Battle's Revisal chap. 17, sec. 201) which states "that the defendant is absent so that the ordinary process of law cannot be served upon him" without an averment, that the absence "was with intent to defraud his creditors and to avoid the service of a summons" is fatally defective.

Though a Judge of the Superior Court may refuse a motion made by the defendant to dismiss a suit upon a ground which appears upon the record, yet he may entertain a like motion at a subsequent term, and dismiss the cause upon the same ground.

The case of *Brown* v. *Hawkins,* 68 N. C. Rep. 444, explained, distinguished from the present case, and approved.

This was a MOTION made by the defendants to dismiss the case heard by *Logan, J.,* at the last Term of the Superior Court of CLEVELAND county. The motion was granted, and the case dismissed, and from the order of dismissal, the plaintiff appealed. The facts explanatory of the case are sufficiently stated in the opinion of the Court.

*Busbee & Busbee,* for the plaintiffs.
*W. P. Bynum,* for the defendant.

PEARSON, C. J. The warrant of attachment may be issued " whenever it shall appear by affidavit," &c., and that the

defendant is a non-resident, or *has departed therefrom with intent to defraud* his *creditors,* and to *avoid the service* of a *summons* or *keeps himself concealed with like intent, &c.,*" C. C. P., sec. 201.

The affidavit in this proceeding is " that the defendant *is absent,* so that the ordinary process of law cannot be served on him." He may have gone on a visit of pleasure or of business, but *non constat,* that he left with intent to defraud his creditors or to avoid service of process.

The affidavit on which the warrant issued, and by which the proceeding was instituted, does not conform with the statute, either in letter or spirit.

The astute counsel of the plaintiff fell back upon the position that at Fall Term, 1872, a motion to dismiss was considered and refused; which as he insists, was final and conclusive; not being appealed from, and consequently that the Judge had no power to entertain the same motion, on the same state of facts at Spring Term, 1873, and for this, he relied on an ingenious *" reading "* of the opinion in *Brown* v. *Hawkins,* 68 N. C. Rep. 444. In that case the rights of the parties had been adjudicated by the Supreme Court, and it was held to be an irregularity approaching, if not passing, the line of judicial subordination, for the Judge to entertain the motion a second time upon the same state of facts existing at the time of the first motion, no new matter being alleged or proved.

In our case there had been *no adjudication of the Supreme Court.* At Fall Term, 1872, his Honor refused the motion to dismiss; at Spring Term, 1873, his Honor allowed the motion, and ordered the proceeding to be dismissed.

We are not aware of any rule of law which forbids his Honor, at Spring Term, 1873, from reconsidering an interlocutory order made at Fall Term, 1872. According to the old equity practice, petitions to rehear were of every-day occurrence. If, while the proceeding was pending, the

Judge became satisfied, that because of the insufficiency of the affidavit, or for other reason, the case was not properly constituted before him, it was his duty to dismiss the proceeding, notwithstanding he at Fall Term, 1872, failed to take the same view of the case.

The concluding general remarks of Justice Boyden, in *Brown* v. *Hawkins*, sup., are to be construed in reference to the facts of that case, and particularly in reference to the fact that there had been an appeal to the Supreme Court, and an adjudication of the questions of law.

No error.

PER CURIAM.              Judgment affirmed.