ALFRED PALMER v. R. T. BOSHER and F. C. CLARK.

The Clerk of the Superior Court has jurisdiction to vacate an attachment, notwithstanding the act of 1870-'71, chap. 166, makes the process returnable to Court in term time.

A plaintiff has a right to amend his affidavit as to mere matters of form; and if he is ready to swear to the amended affidavit, it is error in the Clerk to refuse it.

(*Hughes* v. *Person*, 63 N. C. Rep. 548, cited and approved.)

MOTION to vacate an attachment, heard upon appeal from the Clerk of WAKE Superior Court, by his Honor *Judge Watts*, at Spring Term, 1874.

Plaintiff obtained a warrant of attachment against the defendants upon the following affidavit, to wit:

"WAKE COUNTY: IN THE SUPERIOR COURT.

Alfred Palmer, plaintiff,    &#125;
     against
R. T. Bosher, and      &#125; Affidavit.
F. C. Clark, defendants.   &#125;

Alfred Palmer of the county of Wake, being duly sworn, says:

1. That during the year one thousand eight hundred and seventy-three, the said R. T. Bosher and F. C. Clark, defendants, become indebted to him in the sum of three hundred and seventy-six dollars for work and labor done and performed by the plaintiff for said defendants during said year on their plantation near Raleigh, N. C., and upon whose crops he has acquired a laborer's lien under the statute in such case made and provided.

2. That the said Alfred Palmer is about to commence an action in this Court against the said R. T. Bosher and F. C. Clark, and has issued a summons therein.

3. That the said R. T. Bosher and F. C. Clark is removing or are about to remove some of their property from the State, with intent to defraud their creditors, and have assigned, disposed of, and secreted, (or) are about to assign, dispose of, (or) secrete some of their property with intent to defraud their creditors.

(Signed,)       ALFRED PALMER.

Sworn to before me, Jno. N. Bunting, Clerk of the Superior Court, Wake county."

The defendants, after due notice, appeared before the Clerk and moved to vacate the attachment upon the grounds of insufficiency in their affidavit. Plaintiff contended that the Clerk had no jurisdiction of the motion, and upon this being decided against him, moved to amend the affidavit by striking out the words in the 3rd paragraph, "is removing or are about to remove some of their property from the State with intent to defraud their creditors, and;" motion overruled, and the order granting the attachment vacated. Plaintiff appealed, and at the ensuing term his Honor affirmed the judgment of the Clerk, when the plaintiff again appealed.

*Jones & Jones,* for appellant.
*Busbee & Busbee,* contra.

RODMAN, J.   1. The first question is, whether the Clerk of the Superior Court had jurisdiction to vacate the attachment. We think there can be no doubt that he had.   Sec. 212, C. C. P. says, " Whenever the defendant shall have appeared in such action he may apply to the Court in which such action is pending, or to the Judge thereof for an order to discharge the same," &c.   By the words "the Court" in C. C. P. is meant the Clerk of the Court, unless otherwise indicated.   There the Clerk is expressly indicated as an officer that may be applied to, because either the Court or the Judge may be applied to,

and "the Court," as distinguished from the Judge, must mean the Clerk.

This jurisdiction is not taken away by the act of 1870-'71, ch. 166. · That act, sec. 1, enacts that the attachment " shall be returnable in term time to the Court from which the summons issues."

The case of *Backalan* v. *Littlefield*, 64 N. C., 233, as it was decided before the passage of this act, has no bearing on its construction.

Sec. 212, of C. C. P. remains in effect, except so far as it is modified by the later act cited. It does not necessarily follow that because the attachment is returnable to a regular term, that the defendant may not voluntarily appear before the return day, and move either before the Clerk or the Judge to vacate it. The act of 1870-'71, was apparently made in favor of defendants; but it would be a great hardship upon a defendant whose property had been seized under an irregular attachment if he were prohibited from having it set aside until the regular term of the Court, which might be nearly six months after the seizure. There is nothing inconsistent in such appearance and motion before the return day. As no return has been made the defendant is under the burden of showing that the attachment has been served on his property ; but having shown this it would be an unnecessary delay of justice and inconvenient to both parties to continue to deprive him of the possession of his property by irregular and illegal proceedings. We should be reluctant to give this effect to the provisions of the act of 1870-'71, and we think the words by no means require it.

2. The second question is, whether the Clerk should have allowed the plaintiff to amend his affidavit, which was the foundation of the warrant of attachment.

We do not decide that the original affidavit was insufficient. If it had set forth nothing more than that the defendants were about to remove their property ; it would have been defective under the decision in *Hughes* v. *Person*, 63 N. C. Rep. 548, for not stating the grounds of plaintiff's belief.

But we think it was not defective because it stated that defendants were removing, or were about to remove, their property in the alternative. A plaintiff may not know with such certainty as to enable him to swear to it, whether a defendant is only about to remove his property or has actually begun removing it. The truth of either fact might depend on the hour of the day when the affidavit was made. An affidavit which stated that defendant was *about to remove* his property, (giving the grounds for the belief,) *or* had removed it, could not be irregular.

But this question does not arise here. The plaintiff admitted that his original affidavit was insufficient in form by moving to amend it. We do not wish to be understood as holding that an affidavit for an attachment defective in substance, may be amended so as to sustain the warrant of attachment. We are inclined to think that, as in the parallel case of an injunction, if the original affidavit was insufficient in substance to sustain the attachment, it could not be amended so as to do so.

The amendment moved for in this case, was one of form only. The plaintiff could have been convicted of perjury on his affidavit, if it were proved *both* that defendant was not removing and had no intention of removing his property. To strike out that part of the affidavit that defendant was about to remove, &c., left to the defendant the right to charge the plaintiff with perjury if the fact of actual removal was not true.

The objection of the defendant was, that plaintiff did not swear to his motion. For aught that appears he was ready to swear again to his original affidavit, after it was amended. But the Clerk cut him off before he came to that stage of the case. He might well have told him, I will allow your motion to amend, if you will swear to your affidavit after it is amended. But he says, I will not allow you to amend your affidavit at all. He allowed the plaintiff no opportunity to swear to the affidavit as proposed to be amended.

We think the Judge of the Superior Court erred in con-

firming the order of the Clerk of the Superior Court in vacating the attachment. He should have reversed that order.

PER CURIAM. There is error in the judgment below, which is reversed. The case is remanded to be proceeded in, &c. Let this opinion be certified.