HESS, ROGERS & Co. v. THOMAS M. BROWER.

*Attachment -- Sufficiency of Affidavit.*

In proceedings in attachment, an affidavit which sets out; "1st. That the defendant is indebted, &c. 2nd. That the defendant has departed from this State with intent, as affiant is informed and believes, to avoid the service of summons," is sufficient.

*(Love* v. *Young,* 69 N. C. 65 ; *Hughes* v. *Person,* 63 N C. 548, cited and approved )

Motion to vacate a Warrant of Attachment, heard at Fall Term, 1876, of SURRY Superior Court, before *Cloud, J.*

The motion was made by the defendant upon the ground of insufficiency of the affidavit of plaintiff. The affidavit is as follows :

"W. A. Moore agent of the plaintiffs above named being duly sworn says ;

1. That defendant Thomas M. Brower is indebted to plaintiffs in the sum of $780.60 due by bonds.

2. That said defendant has departed from this State with intent, as affiant is informed and believes, to avoid the service of summons."

Sworn to and subscribed before the Clerk of the Superior Court.

His Honor being of opinion with the defendant allowed the motion and set aside the order of attachment. Plaintiffs appealed.

*Messrs. Watson & Glenn,* for plaintiffs.
*Mr. J. F. Graves,* for defendant.

BYNUM, J. We think the affidavit is sufficient though not as full and explicit as it in caution should have been

made. It states a fact accomplished, to-wit; that the defendant has departed from the State and then concludes with the averment that it was with the intent to avoid the service of a summons as the affiant is informed and believes. It is not always convenient or prudent to state the source of one's information in the affidavit, yet it may be a sufficient ground of belief to authorize the Clerk to issue the warrant of attachment. If the affiant in point of fact had received no such information and had no reasonable grounds for his belief we see no reason why he could not be indicted for perjury in this particular. We think the affidavit is in substantial compliance with C. C. P. § 201. *Love* v. *Young*, 69 N. C. 65. *Hughes* v. *Person*, 63 N. C. 548. There is error. Judgment is reversed and the cause is remanded for further proceedings according to law.

PER CURIAM.                         Judgment reversed.