STATE ex. rel. R. B. PEEBLES v. JOHN M. FOOTE and others.

### *Execution Against Person—Affidavit for Arrest.*

1. Section 260 of the code, providing for arrest of defendants under execution, contemplates three classes of cases : (1) Where the cause of arrest is not set forth in the complaint : (2) Where the cause is set forth in the complaint, but is only collateral and extrinsic to the plaintiff's cause of action : (3) Where the cause set forth in the complaint is essential to the plaintiff's claim.

2. In cases within the first class, the defendant can only be arrested by an order founded upon a sufficient affidavit setting forth the sources of information when it is based upon information and belief. And in such cases no execution can be issued against the person without such order previously had and served.

3. In cases of the second class, the statement of the cause of arrest in the complaint will answer in place of an affidavit, but the statement must be as explicit as if set forth in an affidavit and properly verified. In such cases there must be an order of arrest before execution against the person of the debtor.

4. In the last class of cases, where the facts stated in the complaint as causes of arrest are essential to, or constitute plaintiff's cause of action, there no affidavit for the order of arrest is needed and no such order is required before execution may be issued against the person of the defendant, provided the complaint has been duly verified. But a verification on information and belief will not answer, unless it gives the sources of information, &c.

(*Hess* v. *Brower*, 76 N. C., 428 ; *Hughes* v. *Person*, 63 N. C., 548 ; *Clark* v. *Clark*, 64 N. C., 150 ; *Wood* v. *Harrell*, 74 N. C., 338 ; *Paige* v. *Price*, 78 N. C., 10, cited, distinguished and approved.)

MOTION to vacate an order of arrest and discharge the defendant from custody, heard at Spring Term, 1880, of NORTHAMPTON Superior Court, before *Gudger, J.*

The plaintiff in the year 1878 brought an action in the superior court of Northampton county upon the official bond of one Larkins, sheriff of the county of Halifax, against the defendants, his sureties on said bond. The

breach assigned was the non-payment of one hundred dollars with interest and costs, which the plaintiff had theretofore recovered as an amercement against said Larkins, for having failed to make due return of process placed in his hands by the plaintiff. The complaint contained a clause as follows: "That he is informed and believes that John M. Foote has disposed of his property with intent to defraud his creditors," and was verified in the usual manner. The defendants made no appearance, and judgment by default was taken against them at spring term, 1879, of said court, for the sum of ten thousand dollars, to be discharged on the payment of the said sum of one hundred dollars with interest, &c. Writs of *fieri facias* were then issued to the counties of Northampton and Halifax, and were returned to fall term, 1879, of Northampton superior court, with the sheriff's endorsement on each—"no property to be found to satisfy this execution." Thereupon a writ of execution against the person of said Foote was issued returnable to spring term, 1880, of said court; and by the authority of the said execution, the sheriff of Halifax county, to whom the writ was directed, executed the same by taking the said Foote into custody. And at said spring term, 1880, upon motion of defendant, Foote, he was discharged from custody by order of the judge, and the plaintiff appealed.

*Mr. R. B. Peebles*, for plaintiff.
*Messrs. Day & Zollicoffer* and *J. B. Batchelor*, for defendant.

ASHE, J. The question presented by the record is, whether in a case like this an execution can be issued against the person of a defendant without an order of arrest having been served before the judgment. It is one of those new questions of practice that are constantly and unexpectedly springing up from the code, that unfailing source of so many perplexing questions.

. The defendant was taken in execution by virtue of section 260 of the code of civil procedure, which reads : " If the action be one in which the defendant might have been arrested, as prescribed in section 149 and section 151, an execution against the person of the judgment debtor may be issued to any county within the state, after the return of an execution against his property, unsatisfied in whole or in part. But no execution shall issue against the person of a judgment debtor, unless an order of arrest has been served, as in this act provided, or unless the complaint contains a statement of facts showing one or more of the causes of arrest required by section 149."

This section has never received a direct interpretation from this court, though there have been several approaches to it. In the case of *Hess* v. *Brower,* 76 N. C., 428, this court held that an affidavit for an attachment (where the requirements are substantially the same as in an order for arrest) which sets forth " that the defendant has departed from the state with intent, as affiant is informed and believes, to avoid the service of a summons," was sufficient because it stated a fact accomplished, to-wit, that the defendant has departed from the state, and then concludes with the averment that it was " with the intent to avoid the service of a summons" as the affiant is informed and believes, recognizing the distinction taken by this court in several cases cited, between *things done and things which the party believes are about to be done,* in which latter case the affidavit for the order of arrest must state the grounds of belief, in order that the court may judge of the reasonableness thereof. *Hughes* v. *Person,* 63 N. C., 548; *Clark* v. *Clark,* 64 N. C., 150; *Wood* v. *Harrell,* 74 N. C., 338. In the case of *Hess* v. *Brower, supra,* the departure of the defendant from the state is stated as a fact, *a thing done,* within the knowledge of the plaintiff, and it is only the intent which is stated upon information and belief; and in that respect that case differs

from this, for here the complaint sets forth the fact of the disposition of the property, as well as the intent to defraud, upon information and belief.    The court seems to have had its attention directed more particularly to the distinction between *things done and things to be done,* than to another distinction between facts stated upon knowledge and those stated upon *information and belief.* ·

In the more recent case of *Paige* v. *Price,* 78 N. C., 10, the question arose upon the sufficiency of the statements in an affidavit for an order of arrest.    The affidavit among other things contained two averments that were important to the determination of the motion to vacate the order of arrest: 1. That said defendants have been guilty of fraud in contracting the debt for which this action is brought, the particulars of which are set forth in the complaint of the plaintiffs; and, 2. That the defendants have as this affiant is informed and believes removed and disposed of their property with the intent to defraud their creditors.    This court very properly held the affidavit sufficient.    The first clause of the affidavit above cited, which alleged fraud in contracting the debt for which the action was brought, and that the particulars thereof were set forth in the complaint, was a sufficient cause for the order of arrest, and we suppose the opinion of the court was based upon that statement in the affidavit, and not upon the other, that the defendants as the affiant is informed and believes had removed and disposed of their property with intent to defraud their creditors, which if it had stood alone would have been defective, for not stating the sources of information and grounds of belief.

The section (260) under which the defendant was arrested contemplates three classes :

1. Where the cause of arrest is not set forth in the complaint.

2. Where the cause of arrest is·set forth in the complaint;

but is only collateral and extrinsic to the plaintiff's cause of action.

3. Where the cause of arrest set forth in the complaint is essential to the plaintiff's action.

In the cases falling within the first class, the defendant can only be arrested by an order of arrest founded upon a proper and sufficient affidavit, setting forth the sources of information when it is founded upon information and belief. And no execution in such cases could be issued against the person without such order previously had and served.

In cases of the second class, the statement of the cause of arrest in the complaint will answer in place of an affidavit, but the statement must be as explicit as if set forth in an affidavit and properly verified. But in such cases there must be an order of arrest before execution against the person of the debtor.

In the last class of cases, where the facts stated in the complaint as causes of arrest are essential to or constitute plaintiff's cause of action, there no affidavit for the order of arrest is needed, and no order of arrest is required before an execution may be issued against the person of the defendant, provided the complaint has been properly and sufficiently verified. But a verification upon information and belief will not answer unless it gives the sources of information, &c.

Although this court, at the first adoption of the code in this state, was disposed to repudiate the decisions of the courts of New York upon questions of code-practice, and undertook to chalk out an independent practice, we think the decisions of her higher courts may be resorted to in cases of doubtful construction, with great advantage and satisfaction.

In the case of *Blossom* v. *Bruno*, 33 Barb., 520, which was a motion to vacate an order of arrest, the court held the affidavit was defective in stating the principal matters relied upon to be on information or belief; where such facts are

not within the actual knowledge of the plaintiff or his witnesses, information may be stated ; but in such cases the sources of information must be stated, so that the court can see to what extent the information can be relied on. And so it has been there held in several cases (17 How., 481, and 11 Abb., 62) that where the allegations of the causes of arrest are merely collateral and not essential to the plaintiff's cause of action, a judgment by default does not establish such collateral facts sufficiently to justify the issuing an execution against the person of the defendant; and it is further held that an order of arrest would be necessary where the facts justifying an order are set forth in the complaint, but are extrinsic of the cause of action itself, and the defendant suffer default.

We hold that the cause for the arrest, when set forth in the complaint, must be stated with as much explicitness as when set forth in an affidavit.

In our case the action is for a money demand and the allegation set forth in the sixth article of the complaint, namely, " that he is informed and believes that John M. Foote has disposed of his property with intent to defraud his creditors," is a collateral matter and extrinsic of the plaintiff's cause of action. It is in no way essential to the plaintiff's action. The complaint would have been good and complete if that article had been omitted. The case then falls within the second class of cases above mentioned, and the plaintiff has no right to issue an execution against the person of the defendant, Foote, without having first obtained an order of arrest and its service before judgment.

There is no error in the ruling of the court below, and the judgment is affirmed.

No error. Affirmed.