## N. G. PENNIMAN v. JOHN H. DANIEL.

*Attachment, affidavit in, and order of publication.*

1. An affidavit for an attachment, stating that the defendant is a non-resident and has property in this state, or has removed, or is about to remove some of his property from this state with intent to defraud creditors, is sufficient. The statute puts the modes in the alternative, and the plaintiff succeeds if he establishes either.

2. But where the plaintiff makes oath that he believes or apprehends the property will be removed, he must also state the grounds of his apprehension.

3. Where the application to vacate is to the clerk before the sitting of the court to which the summons is made returnable, a further order of publication to cure a defective service may be obtained upon affidavit to the court, without discharging the attachment.

(*Palmer* v. *Bosher*, 71 N. C., 291; *Brown* v. *Hawkins*, 65 N. C., 645; *Hughes* v. *Person*, 63 N. C., 548; *Gashine* v. *Baer*, 64 N. C., 108; *Clark* v. *Clark, Ib.*, 150; *Branch* v. *Frank*, 81 N. C., 180; *Price* v. *Cox*, 83 N. C., 261, cited and approved).

MOTION by defendant to vacate an attachment heard at Fall Term, 1883, of CATAWBA Superior Court, before *Graves, J.*

The court allowed the motion to vacate, but refused to dismiss the action. Plaintiff appealed.

*Messrs. M. L. McCorkle* and *W. G. Burkhead*, for plaintiff.
*Messrs. J. F. Morphew, L. L. Witherspoon* and *G. N. Folk*, for defendant.

SMITH, C. J. On the 14th day of March, 1883, the plaintiff sued out of the clerk's office a summons and warrant of attachment against the defendant's estate, returnable to fall term, held on the last Monday in August, of the superior court of Catawba.

The affidavit upon which the attachment issued states as follows:

1. That during the year 1879 the defendant " became indebted to him in the sum of $9,200, with interest on the same till paid,

two years after date," and that by various payments the amount due on the note has been reduced to the sum of $6,993.50.

2. That the plaintiff is about to commence an action in this court against the defendant John H. Daniel, and has issued a summons therein.

3. That the defendant " has left the state, and is now, as he is informed, a resident of the state of Maryland, and has property in this state," or has removed or is about to remove some of his property from the state with intent to defraud his creditors.

On the same day the sheriff executed the warrant by levying upon certain real and personal estate of the debtor, specifically mentioned in his endorsed return thereon.

On the 23d day of the same month the plaintiff obtained an order of publication of notice to the defendant of the sum demanded in the action, and of the issue and levying of the attachment, and requiring him to appear at the next ensuing term of the court and answer the plaintiff's complaint, or judgment will be taken in case of his default, and the property taken condemned to satisfy the plaintiff's debt and costs of suit.

Publication was made for six successive weeks in the newspaper designated in the order in conformity with its terms.

On June 22d, 1883, after notice, wherein the grounds of the intended motion are set out in detail, counsel for the defendant appeared before the court, producing a letter of authority from the defendant duly executed, and a copy whereof is made part of the transcript, and moved for the discharge of the attachment and vacating the order for its issue.

In response to the motion and " upon the face of the pleadings" the court declared "that there are irregularities in the proceedings," and "ordered that the attachment be vacated and set aside." From this ruling of the clerk the plaintiff appealed; and at the fall term of the court to which the processes were returnable, the sheriff having endorsed on the summons his return, "Due search made—the defendant not to be found in my county," the appeal came on to be heard before the presiding

judge, with a superadded motion "to dismiss the action," and he rendered the following judgment:

This case coming on to be heard, it is considered by the court that the attachment heretofore issued and levied on a certain brick store-house in the town of Hickory, and other property, be and the same is hereby vacated and dismissed; and further, that the said property be and the same is discharged and free from all liens created by said alleged attachment.

And it is further considered that there has not been as yet any service of process upon the defendant John H. Daniel, and consequently he is not a party to the action, save by special appearance entered by his attorney for the purpose of the motions aforesaid, and those only. The motion to dismiss the action is refused.

From this ruling the plaintiff brings the case up to this court and assigns error in the judgment discharging the attachment.

The case on appeal is but a repetition of the facts contained in the record, and a statement of the general ground of the ruling to be that the averments of non-residence and of removal, or the defendant's being about to remove his property with fraudulent intent, are in the alternative and not distinct and positive as required by the statute; and further, for that no facts are set out to warrant the latter charge that the defendant is about to fraudulently withdraw his property and place it beyond the jurisdiction of the state.

The correctness of this ruling is alone before us, and this depends upon the sufficiency of the averments in the affidavit, as a compliance with the statutory requirements.

The statute authorizes the issue of the attachment at or after the issue of the summons, "when it shall appear by affidavit or otherwise that a cause of action exists against such defendant, specifying the amount of the claim and the grounds thereof, and that the defendant is either a foreign corporation or *not a resident of this state,* or has departed therefrom with intent to defraud his creditors or to avoid the service of a summons, or

keeps himself concealed therein with like intent, or that such corporation or person has removed, or is about to remove, any of his or its property from this state with intent to defraud creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete any of his or its property with the like intent, whether such defendant be a resident of this state or not. C. C. P., §201.

The obvious meaning of the statute is to make these several disjoined and specified acts each a distinct ground for the awarding the attachment, whichever may be shown by affidavit to exist. The court, taking this view, seems to have considered the affidavit as assigning three of these specifications, to-wit: that the defendant is a non-resident; that he has removed some of his property out of the state with a fraudulent purpose; that he is about to remove such property with a similar purpose, and that the latter was an imperfect allegation in not stating the facts from which the intent to remove the property is inferred, so that the court may judge of their sufficiency to warrant the inference.

But we do not place this strict and rigorous meaning upon the language used in the affidavit. The concluding clause contains a single averment with a twofold aspect, and is intended to meet the case of an actual removal accomplished, as well as the initiatory step in that direction at a different stage.

This was the form of allegation passed upon, when a similar objection was taken, in *Palmer* v. *Bosher*, 71 N. C., 291, wherein RODMAN, J., uses these words: " But we think it (the affidavit) was not defective, because it stated that the defendants were removing, or were about to remove their property in the alternative. A plaintiff may not know with such certainty as to enable him to swear to it, whether a defendant is only about to remove his property or has actually begun removing it," to which we may add, or has completed the removal.

And so in *Brown* v. *Hawkins*, 65 N. C., 645, PEARSON, C. J., commenting on the averment " that the defendant is about to assign, dispose of or secrete certain property," describing it, says:

"The criticism on the affidavit that it is vague and uncertain, in that it avers that the defendant was about to assign, dispose of or secrete the property, whereas it ought to have specified distinctly *one* of these three modes by which the alleged fraudulent intent was to be accomplished, is not tenable. The statute puts the three modes in the alternative, and, in this respect, the affidavit is sufficiently definite by following the words of the statute; for it may be out of the power of the party to designate the precise mode."

It was said in *Hughes* v. *Person*, 63 N. C., 548, "that when the plaintiff, in his affidavit for the attachment or arrest, relies upon his apprehension of what the defendant is about to do, as if he declares that he has reason to *believe and does believe* that the defendant is about to dispose of his property, &c., he must state *why he thinks so*, in order that the court may judge of the reasonableness of his fears."

The same distinction is taken in *Gashine* v. *Baer*, 64 N. C., 108, and in *Clark* v. *Clark*, *Ib.*, 150, in the latter of which it is suggested that the words "about to dispose of his property" would not be sufficient unless accompanied with a statement of the grounds for the assertion.

In our view, the words used in the present case, in connection with what precedes, constitutes an averment which takes in the initial and successive steps towards and the actual placing of the goods beyond the limits of the state. The defendant may be said to be about to remove until he has removed them, and consequently, if he was in the very act of removing or transporting, and had not reached the state line, it would be embraced in the terms of the affidavit. The plaintiff makes oath, not to his *belief* or *apprehension* that the goods will be removed, but to the fact that they are about to be removed, or have been already removed from the state, as an act executed or in process of execution with the injurious intent.

The case presented, then, is that of two distinct and independent grounds assigned for suing out the attachment, either of which alone is sufficient—put in an alternative form—and the

question is, does this mode of averment meet the demands of the statute? It is certainly a form not to be commended, but it is in substance the same as if both were asserted to be true, for in either case the failure of one authorizes the plaintiff to fall back on the other, and he succeeds if one be established. So, too, an indictment for perjury would lie, though in this case proof would be necessary of the falsehood of both allegations, as is said in the opinion in *Palmer* v. *Bosher, supra,* that is, that no removal had been made, or was about to be made by the defendant.

It will be noticed that the proceeding before the clerk, upon the application to discharge the attachment, was before the sitting of the court to which the summons was to be returned, and when a further order of publication upon a corrected affidavit might have been obtained, and this without discharging the attachment. *Branch* v. *Frank,* 81 N. C., 180; *Price* v. *Cox,* 83 N. C., 261. The motion to dismiss, if proper at all, was refused, and there is no appeal therefrom on the part of the defendant.

The ruling of the court must be reversed, and this will be certified.

Error.                                    Reversed.