## N. G. PENNIMAN v. JOHN H. DANIEL.

*Attachment—Discontinuance—Appeal.*

1. In attachment proceedings, where an appeal is taken and the decision may dispose of the case altogether, it is discretionary in the court below to proceed upon matter collateral to the main purpose during the pendency of the appeal; hence a motion to dismiss the action upon the ground that the plaintiff's failure to proceed and make the defendant a party by publication, before the appeal was determined, worked a discontinuance, was properly overruled.

2. Effect of an appeal upon matter included in the action and not affected by the judgment appealed from, discussed by SMITH, C. J.

3. A discontinuance results from the voluntary act of the plaintiff in not proceeding regularly with the case by the issue of the successive connecting processes.

4. *Quære*—Whether an attachment prosecuted, on notice by publication of the seizure of the debtor's property, to final judgment, is a proceeding *in rem* or *in personam* under the present law.

(*Brown* v. *Hawkins*, 68 N. C., 444; *Mabry* v. *Henry*, 83 N. C., 298; *Etheridge* v. *Woodley*, 83 N. C., 11; *Skinner* v. *Moore*, 2 Dev. & Bat., 138; *Peebles* v. *Patapsco*, 77 N. C., 233, cited and approved.)

MOTION heard at Fall Term, 1884, of CATAWBA Superior Court, before *Gilmer, J.*

Under the warrant of attachment issued at the same time with the summons on March 14th, 1883, certain personal and real property of the defendant was seized and taken into possession by the sheriff, and while so held the defendant's counsel under a power of attorney from him, appearing for a special purpose only and to make the motion, moved the clerk to vacate the attachment and the order for its issue for reasons assigned in a written application. The motion being allowed, the plaintiff appealed to the judge

who at the return term of the process affirmed the ruling of the clerk. At the same term the defendant's counsel also moved to dismiss the action, which was refused upon the ground that he had not become a party to the suit. From the judgment annulling the attachment, the plaintiff by appeal removed the ruling to this court, when at February term last it was reversed. (90 N. C., 154). At fall term, to which the judgment of this court was certified, the counsel again entered a special appearance and in open court, and moved:

1. That the action be dismissed upon the ground that the failure of the defendant to proceed while the matter of appeal was depending in the supreme court had worked a discontinuance.

2. That the attachment be vacated, there having been no service of process or publication of the summons or warrant as required by law, and for insufficiency in the affidavit on which the attachment issued.

These motions were denied and an order made in these words:

It appearing to the satisfaction of the court that a summons has issued against the defendant, and that after due diligence the defendant cannot be found in this state, and that an attachment has been taken out against the property of the defendant in this county, and that a cause of action exists against the defendant, it is ordered by the court that publication be made, &c.

Exceptions were taken by the defendant to the denial of his motions to dismiss and vacate, and to the order of publication, and from the rulings thereon he appealed.

*Mr. M. L. McCorkle*, for plaintiff.
*Messrs. L. L. Witherspoon* and *G. N. Folk*, for defendant.

SMITH, C. J., after stating the above. We do not propose to

consider any imputed defects, real or supposed, in the affidavit made to obtain the warrant of attachment, since its sufficiency in form has been passed on and established in the former appeal, when this was the only point presented.

Any objections to which it may be obnoxious should then have been made, and these as well as that then considered are concluded by the judgment.

The decision first made, during the subsequent progress of the cause, must be regarded, in the words of BOYDEN, J., "as final and conclusive, at least so far as regards the facts that existed at the time of that decision." *Brown* v. *Hawkins*, 68 N. C., 444. To the same effect is *Mabry* v. *Henry*, 83 N. C., 298.

2. The other proposition, pressed with more force and with a large array of authority, is that the plaintiff in failing to proceed by publication to make the defendant a party, during the pendency of his appeal in this court, has worked a discontinuance of process, and as a new action must be begun by summons, and the summons must precede or accompany the issue of the warrant of attachment, he cannot now proceed. Involved in this contention is the question as to the effect of the appeal in suspending or dispensing with the necessity of taking intermediate steps to facilitate the hearing of the cause upon its merits, until the result in the appellate court is certified to the superior court from which the appeal comes.

The statute, to which our attention is called, provides that where an appeal is perfected, "it stays all further proceedings in the court below, upon the judgment appealed from, or upon the matter embraced therein, but the court below may proceed upon any other matter included in the action and not effected by the judgment appealed from. THE CODE, § 558.

It will be observed that the statute does not require the action to proceed when the appeal is from some interlocu-

28

tory order, or the ruling upon matter collateral and subsidiary to its main purpose, but leaves to the appellant the right to do so, while it peremptorily arrests any further action in the court below involved in the subject matter of the appeal. Its language is, the court "*may proceed upon any other matter,*" or, as we interpret it, the court may forbear and await the decision on the appeal, leaving it discretionary in the court to do so, where the law involved and to be passed on lies at the foundation of the action and may dispose of it altogether.

In the present case, had the decision dissolving the attachment been sustained, it would have put an end to the cause unless personal service could be made, changing the character of the suit; or other property, unless that levied on remained accessible to the writ, could be found to be seized. It was reasonable therefore to allow the cause to remain without further action until the determination of the appeal was judicially made known to the judge of the superior court, and this was the course pursued in the present case.

A discontinuance results from the voluntary act of the plaintiff in not going on regularly by the issue of successive connecting processes, and thereby producing a break or hiatus to which such effect is ascribed. The cases cited for the appellee are numerous on this point, and will be found in *Etheridge* v. *Woodley*, 83 N. C., 11, and all show the plaintiff's failure to follow up his suit after it was begun.

In *Pennoyer* v. *Neff*, 95 U. S. Rep., 714, decided in 1877, with but a single dissenting voice, the conclusion reached and announced is that a judgment recovered in a suit by attachment levied upon the defendant's land when no personal service has been made, is exhausted by a sale of the property attached and the appropriation of the proceeds to the creditor's debt, and possesses no other legal force. The sale of other land of the debtor under such judgment was held to pass no title to the plaintiff. If this be accepted as

the law in this state, it shows that the preservation of the lien of the attachment was a fundamental condition of success, and might well excuse the waiting until the validity of the warrant was determined.

We do not undertake to say that such is the law in this state, and certainly this decision is at variance with the adjudications under the former law. It has been held that a proceeding commenced by original attachment and prosecuted on due notice by publication of the seizure of the debtor's property to final judgment, was not a proceeding *in rem*, but the judgment is personal. *Skinner* v. *Moore*, 2 Dev. & Bat., 138.

The attachment was in its nature and operated as a distress to compel appearance; and if it did not, the judgment was absolute and conclusive as if rendered after personal service.

The attachment under THE CODE, is of quite a different nature and subsidiary only towards the obtaining the relief which is the object of the action, and seems under the statute to be intended to be more comprehensive and more fully remedial within the state than is admitted in the opinion in *Pennoyer* v. *Neff.*

As to the extra-territorial effect of such a judgment, it can be only recognized as effectual so far as it appropriates the debtor's property to the creditor's demand, and wholly inoperative beyond that limit, and so it is held in *Peebles* v. *Patapsco*, 77 N. C., 233.

It is unnecessary to proceed with the further examination of the subject, as in our opinion the delay of the plaintiff pending the appeal which he was prosecuting is not a discontinuance or abandonment of the action, and there was no error in allowing him to proceed and make the required publication. There is no error in the ruling and this will be certified to the superior court of Catawba, to the end that the cause proceed.

No error. Affirmed.