H. A. JUDD et al. v. THE CRAWFORD GOLD MINING COMPANY.

*Attachment—Affidavit—Allegations of Belief—Grounds of Belief—Appeal.*

1. An attachment lies for unliquidated damages arising out of breach of contract. (Section 347 of *The Code.*)

2. An allegation in an affidavit for a warrant of attachment that defendants are about to assign or dispose of their property with "intent to defraud plaintiffs," is an assertion not of a *fact*, but of a *belief* merely and, hence, the grounds upon which such belief is founded must be set out in order that the court may adjudge upon their sufficiency.

3. An appeal lies from the refusal to dismiss an attachment.

MOTION to vacate an attachment, heard before *Norwood*, *J.*, at Spring Term, 1897, of STANLY Superior Court in an action for damages arising out of an alleged breach of contract.

The affidavit to procure the attachment, and upon which the order of attachment was made, is as follows, viz. :

"Henry A. Judd, being duly sworn, says: That the Crawford Gold Mining Company, the defendants, are justly indebted unto Henry A. Judd and Richard Eames, Jr., the plaintiffs, in the sum of $2,500, as nearly as he can ascertain the same, over and above all discounts which the said defendants have against them, which debt arose upon a contract of defendants to purchase the Ingram and Fesperman mining tract, and failure to perform said contract or agreement, and also for contract for services rendered in making maps and reports upon said properties, and that the said defendants are a domestic corporation chartered under laws of North Carolina, and have property in Stanly county, North Carolina.    And this deponent further says: That said defendants, the Crawford Gold Mining Company, are about to assign or dispose of their property with intent to defraud plaintiffs."

The defendants entered a special appearance for the purpose of making motion to vacate, and moved to vacate the attachment:

1.  Because this action is for unliquidated damages, and an attachment will not lie and cannot issue.

2.  Because of the insufficiency of the plaintiff's affidavit to procure the attachment, in that it states, "that the defendants are about to assign or dispose of their property with intent to defraud plaintiffs," and does not state any reasons or grounds for this assertion.

His Honor, after hearing this motion, gave judgment declining to grant the defendant's motion, and refusing to

vacate the attachment. From this judgment defendant appealed.

*Messrs. S. J. Pemberton* and *MacRay & Day*, for plaintiff.

*Messrs. L. S. Overman* and *J. M. Brown*, for defendant (appellant).

CLARK, J.: The attachment law was materially amended by the Code Commission, and under Section 347 of *The Code* "an attachment now lies for unliquidated damages arising out of breach of contract" or (under Acts, 1893, Ch. 77) for injury to real as well as personal property. *Long* v. *Insurance Co.*, 114, 465, 470; *Gas Co.* v. *Construction Co.*, 113 N. C., 549.

The affidavit for attachment was, however, insufficient on the second ground assigned in the motion to vacate. When the affidavit is that the defendants are "about to assign or dispose of their property with intent to defraud the plaintiffs," that being not the assertion of a fact, but necessarily of a belief merely, the grounds' upon which such belief is founded must be set out that the court may adjudge if they are sufficient. *Hughes* v. *Person*, 63 N. C., 548; *Gashine* v. *Baer*, 64 N. C., 108; *Clark* v. *Clark*, Ibid, 150; *Penniman* v. *Daniel*, 90 N. C., 154. In an affidavit for arrest (where the requirements are very similar to those for an attachment) there is the same distinction between alleging *things done* and *those about to be done*. *Wood* v. *Harrell*, 74 N. C., 338; *Wilson* v. *Barnhill*, 64 N. C., 121; *Peebles* v. *Foote*, 83 N. C., 102. The same distinction obtains in applications for the appointment of receivers. *Hanna* v. *Hanna*, 89 N. C., 68. An appeal lies from the refusal to dismiss an attachment or arrest. *Sheldon* v. *Kivett*, 110 N. C., 408; *Fertilizer Co.* v. *Grubbs*, 114 N. C., 470.                                          Error.