## J. W. STEWART v. MACON BRYAN.

*Practice—Judgment by Default Final—Charge of Fraud—Imprisonment for Debt.*

1. A court has no right to enter a final judgment by default on the charge of fraud and embezzlement for collecting and appropriating money received on collaterals, where the defendant makes no appearance or defence, but only a judgment by default and enquiry, if requested by the plaintiff.

2. Where a complaint in an action set up two causes of action, one for indebtedness due on a note and the other for fraudulent conversion of money, and judgment by default was entered, the presumption is that the judgment was rendered on the note, as was right, and not on the charge of fraud, which the Court had no right to do.

3. In such case, the judgment is final on the note and the cause is not retained on the docket for further action.

4. Imprisonment for debt being prohibited by the Constitution, a defendant cannot be arrested upon a judgment on a note.

5. When the complaint in an action set up two causes of action, one for indebtedness due on a note and the other for fraud in the embezzlement of the proceeds of collaterals deposited as security for the note, and, in default of appearance and defense, judgment was rendered on the note but not on the charge of fraud, the plaintiff was not entitled to an order of arrest under Sections 291 and 447 of *The Code*, as amended by Ch. 541, Acts of 1891, since there is no action pending wherein the allegations of fraud in the complaint, used as an affidavit, could authorize a warrant of arrest.

Petition for *habeas corpus* heard before *Bryan, J.*, at Chambers in Newbern, on June 8th, 1897. The writ was denied and defendant appealed.

*Messrs. Clark & Guion*, for plaintiff.
*Mr. W. D. McIver*, for defendant (appellant).

FURCHES, J.: Plaintiff instituted an action against the defendant, returnable to May Term, 1896, of CRAVEN Superior Court. In the first paragraph of his complaint he alleges that on the 6th of March, 1891, the defendant e ex-

cuted his note to plaintiff for $905.60 to be due on the first day of November of that year.

In the second paragraph of his complaint he alleges that defendant assigned and delivered to plaintiff certain notes and mortgages as collateral security to secure said note.

In his third paragraph he alleges that there still remains due and unpaid on said note the sum of $283.90.

In his fourth paragraph the plaintiff alleges that defendant has collected the collaterals, which he agreed to collect and pay over to the plaintiff, and now refuses to pay the money so collected on said collaterals to the plaintiff, but has appropriated the same to his own use and benefit.

In his fifth paragraph he alleges that the money so collected by the defendant amounts to the sum of $283.90. This complaint was verified. Wherefore plaintiff prays that he may recover damages for the wrongful conversion of this fund by the defendant. A summons was duly served on the defendant returnable to May Term. But he failed to appear, and made no defence to the plaintiff's action, and judgment was taken by default.

This complaint states two causes of action—one upon the note and the other for the embezzlement in using and appropriating to his own use the trust funds, the money he had collected on the collaterals placed in his hands for collection by the plaintiff.

This judgment seems to be a final judgment "for the sum of $283.90 and costs of this action to be taxed by the clerk, which sum to bear interest from the 6th day of March, 1891, at the rate of eight per cent. until paid."

The court had the right to enter a final judgment on the note—the cause of action stated in the first and third paragraphs of the complaint. *Code*, section 385. But the court had no right to enter a final judgment on the charge of fraud and embezzlement for collecting and appropriating the money received on the collaterals, charged in second,

fourth and fifth paragraphs of the complaint. And the presumption is that he entered judgment upon the cause of action—the note—as he had the right to do, and not on the charge of fraud which he had no right to do. *Code*, section 386. But the judgment shows it was entered on the allegations in the first and third counts—the note, as it is to draw interest at the rate of eight per cent. from the 6th day of March, 1891, until paid, this being the date of the note. It is a final judgment as it is for the debt, also for costs of action (*Freeman on Judgments*, 16), and it is not retained on the docket for any further action.

It seems that the Judge after pronouncing judgment, but on the same paper and over the same signature, proceeds to find (as he says) from the complaint the matters alleged in the second, fourth and fifth paragraph of the complaint. But he pronounces no judgment on these findings. He had no right to find these facts nor to pronounce any judgment upon his findings. He had the right to give the plaintiff a judgment by default and inquiry, if this had been asked for. But this was not asked for and no such judgment was taken.

It was contended on the argument that if the judge had no right to find the facts as to fraud, nor to pronounce a final judgment, still, if he did so, and the defendant did not appeal, it would be an irregular and not a void judgment. And not being a void judgment, the defendant could not attack it in this collateral way. This proposition as to collateral attack is correct, if it is an irregular and not a void judgment, as it should then be by motion in the cause. *Parker* v. *Bledsoe*, 87 N. C., 221; *Code*, Sections 295, 342, 345. In this case, we see that the judgment is regular as to the indebtedness on the note, and that there is no judgment whatever upon the other cause of action stated in the complaint.

It is too plain to argue that the defendant cannot be arrested upon the judgment on the note. Constitution, Art. I, Sec. 16; *Code*, Sec. 290, and 291. It is equally plain that he cannot be arrested, in *this action* on the cause of action stated on the charge of fraud, for the reason that there is no judgment. But under *Peebles* v. *Foote*, 83 N. C., 102, and Chapter 541 of the Acts of 1891, amending Section 447 of *The Code*, we would hold that the defendant might be arrested upon this judgment by default final on the note and the allegations of fraud in the complaint, if these allegations did not themselves constitute an independent cause of action. In *Peebles* v. *Foote*, there was but one cause of action—the debt. The fact that Foote was concealing his property, or was about to leave the State, was no cause of action by Peebles against him, but only affecting Peebles' means of enforcing his judgment. In this case, the fact that the defendant embezzled the property of the plaintiff does not lessen his ability to pay nor the plaintiff's means of enforcing his judgment. But if the plaintiff should recover against the defendant upon the charge of fraudulent appropriation of plaintiff's property, that would be an independent judgment, and the satisfaction of this judgment would not be a discharge of the other. This seems to distinguish this case from *Peebles* v. *Foote*, construing section 447, as amended.

This case is very different from *Preiss* v. *Cohen*, 117 N. C., 54. In that case, issues were joined by the denials in the defendant's answer. In this case, there was no answer —no denial—and therefore no joinder of issues, and the plaintiff allowed that cause of action, founded on fraud, to abate, and while the plaintiff cannot have the defendant arrested on this judgment, for the reasons given, nor upon the complaint filed in this action, because the action for the

fraud has abated, or in some way gone off the docket and is not now pending, so as to have a warrant of arrest before judgment, yet, whether the plaintiff cannot commence another action upon the fraud and have the defendant arrested, is not a question before us now.

As there was no judgment on the allegations of fraud, and no action pending in which the allegations of fraud in the complaint, used as an affidavit, could authorize a warrant of arrest to issue, our opinion is that the defendant was illegally arrested.

It will not do to carry the doctrine of *Peebles* v. *Foote*, under Section 447 of *The Code*, as amended by the Act of 1891, to the extent contended for in the argument for plaintiff—that, because there is an allegation in the complaint, this fact entitles the plaintiff to an execution against the body of the defendant, whether the plaintiff recovered a judgment against the defendant or not. To sustain this position would be in effect to nullify the Constitution.

The plaintiff has stated two causes of action—one on a note and the other for embezzlement. We will suppose a trial had taken place and plaintiff recovered on the note, but failed on the count for embezzlement. Could it be contended that he would be entitled to an execution against the body of the defendant, and to imprison him? If the contention of the plaintiff is true, why not, as fraud is alleged in the complaint?

As we find no legal authority for the arrest of defendant, he is entitled to relief by *habeas corpus* proceeding. *Claflin* v. *Underwood*, 75 N. C., 485. The defendant is entitled to his discharge.

Error.