ARTHUR P. NELSON, Plaintiff v. HARRY HAYES, d/b/a TOTE A POKE, and BG & S OF GREENSBORO, INC., d/b/a TOTE A POKE, Defendants

No. 9418SC81

(Filed 18 October 1994)

**Attachment and Garnishment § 11 (NCI4th)— workers' compensation claim—uninsured employer—attachment of employer's property dissolved—defective affidavit**

N.C.G.S. § 97-95 provides an avenue to allow for attachment where an employer (1) is uninsured or fails to qualify as a self-insurer, and (2) owns property in the State susceptible to disposal or removal, and a plaintiff's affidavit must meet one of the

grounds for attachment listed in N.C.G.S. § 1-440.2. In this case, the trial judge properly dissolved and vacated the order of attachment because the affidavit in support of the attachment failed to state in a definite and distinct manner the facts and circumstances supporting plaintiff's allegations of acts committed by defendants with intent to defraud creditors, thus rendering the affidavit defective.

**Am Jur 2d, Attachment and Garnishment §§ 254 et seq.**

**Sufficiency of affidavit for attachment, respecting fraud or intent to defraud, as against objection that it is a mere legal conclusion. 8 ALR2d 578.**

Appeal by plaintiff from order entered 7 December 1993 by Judge Howard R. Greeson, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 3 October 1994.

*Donaldson & Horsley, P.A., by Kathleen G. Sumner, for plaintiff-appellant.*

*Henson Henson Bayliss & Sue, L.L.P., by Daniel L. Deuterman, for defendants-appellees.*

JOHNSON, Judge.

The facts underlying this appeal are as follows: On 16 December 1992, plaintiff Arthur P. Nelson was robbed while working within the course and scope of his employment with defendants (Harry B. Hayes, d/b/a Tote a Poke and BG & S of Greensboro, d/b/a Tote a Poke). During this robbery, plaintiff was stabbed and sustained medical injuries requiring hospitalization and surgery. On 21 July 1993, plaintiff timely filed a workers' compensation action and request for hearing with the North Carolina Industrial Commission (the Commission).

At the time of the robbery, although defendants were subject to and bound by the Workers' Compensation Act, defendants were uninsured employers; nor did defendants qualify as self-insured. It is undisputed that the employment relationship existed at the time of the robbery.

On 31 August 1993, plaintiff filed a complaint, notice of lis pendens, affidavit in attachment proceeding, summons to garnishee and notice of levy. Plaintiff posted a $200.00 bond, attaching real proper-

ty of defendants located at 364 West Lee Street in Greensboro, North Carolina and defendants' bank account at Triad Bank. On 16 September 1993, the parties entered into a consent order. The consent order stated that in consideration of plaintiff's consent to the quashing of the summons to garnishee and notice of levy issued on 31 August 1993 to Triad Bank, defendants consented to the execution of a Form 21 Agreement for Compensation for Disability with the Commission. Pursuant to that Form 21 Agreement, defendants agreed to pay temporary total disability compensation from 16 December 1992 for necessary weeks. Plaintiff's average weekly wage was $115.38, which resulted in a weekly compensation rate of $76.15 (this agreement was approved by Deputy Commissioner Greg Willis on 3 October 1993). The consent order went on to state that with the execution of the Form 21 Agreement and defendants' payment of compensation due, plaintiff believed that sufficient security was available for payment of any compensation that may become due in the future "by virtue of the attachment of real property that continues to exist after this Order" and that therefore it was no longer necessary to maintain the lien on defendants' account at Triad Bank.

On 17 September 1993, defendants filed a verified answer and motion to dismiss, wherein they admitted the following averments of plaintiff's complaint: that they were bound by the Workers' Compensation Act; that "plaintiff timely gave notice to the Defendant, his employer, and filed Forms 18 and 33 with the North Carolina Industrial Commission on July 21, 1993, thereby commencing his claim[,]" and that "[t]here has been no final determination of the claim." Defendants further acknowledged "[t]hat corporate defendant BS & G executed Form 21 accepting liability for the plaintiff's disability proximately resulting from the work-related injuries of December 16, 1992 and has agreed to pay the plaintiff temporary total disability benefits and medical benefits pursuant to said agreement[.]"

A hearing on defendants' motion to dismiss was held at the 9 November 1993 Civil Session of Guilford County Superior Court. The trial court dissolved and vacated the order of attachment, finding as fact that plaintiff's affidavit filed on 31 August 1993 in support of the order of attachment "failed to state in a definite and distinct manner the facts and circumstances supporting the plaintiff's allegations of acts committed by the defendants with intent to defraud creditors[.]" The court further found as fact and concluded as a matter of law that the order of attachment issued by the assistant clerk of superior court

"was based on the plaintiff's fatally defective affidavit[.]" From this order, plaintiff appeals to our Court.

Plaintiff argues that the trial court committed reversible error when it entered its order setting aside the attachment issued by the assistant clerk of court, in that the attachment complied with the grounds set forth in North Carolina General Statutes § 97-95 (1991), for an injured employee to pursue an ancillary remedy of attachment against an uninsured employer.

North Carolina General Statutes § 97-95 states in pertinent part:

**Actions against employers failing to effect insurance or qualify as self-insurer.**

. . .

[I]n addition to other penalties provided by this Article, such employer shall be liable in a civil action which may be instituted by the claimant for all such compensation as may be awarded by the Industrial Commission in a proceeding properly instituted before said Commission, and such action may be brought by the claimant in the county of his residence or in any county in which the defendant has any property in this State; and in said civil action, ancillary remedies provided by law in civil actions of attachment, receivership, and other appropriate ancillary remedies shall be available to plaintiff therein. Said action may be instituted before the award shall be made by the Industrial Commission in such case for the purpose of preventing the defendant from disposing of or removing from the State of North Carolina for the purpose of defeating the payment of compensation any property which the defendant may own in this State.

North Carolina General Statutes § 97-95 was enacted in 1941 and has not been amended since that date.

North Carolina General Statutes § 1-440.2 (1983) states that

[a]ttachment may be had in any action the purpose of which, in whole or in part, or in the alternative, is to secure a judgment for money, or in any action for alimony or for maintenance and support, or an action for the support of a minor child, but not in any other action.

North Carolina General Statutes § 1-440.3 (1983) states the grounds for attachment:

In those actions in which attachment may be had under the provisions of G.S. 1-440.2, an order of attachment may be issued when the defendant is

(1) A nonresident, or

(2) A foreign corporation, or

(3) A domestic corporation, whose president, vice-president, secretary or treasurer cannot be found in the State after due diligence, or

(4) A resident of the State who, with intent to defraud his creditors or to avoid service of summons,

    a. Has departed, or is about to depart, from the State, or

    b. Keeps himself concealed therein, or

(5) A person or domestic corporation which, with intent to defraud his or its creditors,

    a. Has removed, or is about to remove, property from this State, or

    b. Has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property.

North Carolina General Statutes § 1-440.3 was enacted in 1947 and has not been amended since that date.

Plaintiff argues that North Carolina General Statutes § 97-95 provides a further action in which attachment may be had, and which must be read in *pari materia* with North Carolina General Statutes § 1-440.2, noting that North Carolina General Statutes § 97-95 states that an attachment proceeding "may be instituted before the award shall be made by the Industrial Commission in such case for the purpose of preventing the defendant from disposing of or removing from the State of North Carolina for the purpose of defeating the payment of compensation any property which the defendant may own in this State." We agree and find that North Carolina General Statutes § 97-95 does provide a further action in which attachment may be had.

However, having reached the conclusion that North Carolina General Statutes § 97-95 does state an action in which attachment may be had, we now must consider plaintiff's argument that North Carolina General Statutes § 97-95, in and of itself, states grounds for attachment. We reject plaintiff's argument.

**NELSON v. HAYES**

[116 N.C. App. 632 (1994)]

We find persuasive the wording of North Carolina General Statutes § 97-95 which states that the statute provides an employee with the same "ancillary remedies *provided by law in civil actions of attachment*" (emphasis added); therefore, we find the rights of a plaintiff in an action under North Carolina General Statutes § 97-95 are the same as those of any other plaintiff in a civil action. North Carolina General Statutes § 97-95 merely provides an avenue to allow for attachment where an employer (1) is uninsured or fails to qualify as a self-insurer, and (2) owns property in the State susceptible to disposal or removal. As such, plaintiff's affidavit must meet one of the grounds for attachment listed in North Carolina General Statutes § 1-440.2, as required by North Carolina General Statutes § 1-440.11 (1983).

In plaintiff's affidavit in attachment proceeding plaintiff properly noted that the civil action was allowed by North Carolina General Statutes § 97-95; plaintiff also checked a box stating that the grounds for attachment were those pursuant to North Carolina General Statutes § 1-440.3(5)(a) and (b). Plaintiff went on to state in his affidavit a general assertion that defendants "are now or are about to sell, transfer, hide, encumber, or otherwise dispose of the assets of the above referenced corporation," but this was unsupported by any facts which should have been alleged with particularity. *See Connolly v. Sharpe*, 49 N.C. App. 152, 270 S.E.2d 564 (1980).

Therefore, we find the trial judge properly dissolved and vacated the order of attachment, because the affidavit in support of the attachment failed to state in a definite and distinct manner the facts and circumstances supporting plaintiff's allegations of acts committed by defendants with the intent to defraud creditors, thus rendering the affidavit defective.

No error.

Judges MARTIN and THOMPSON concur.