B. A. HOFT, SUCCESSOR TO E. H. AND J. A. MEADOWS COMPANY, A CORPORATION, v. COASTWISE SHIPPING & LIGHTERAGE COMPANY OF DELAWARE, INC., A CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF DELAWARE.

(Filed 31 May, 1939.)

**Attachment § 24—Summary judgment against surety on defendant's bond in attachment proceeding to which surety was not a party, held error.**

Plaintiff attached property of defendant and defendant gave a surety bond conditioned upon the "return of the property" . . . "and if return of the property cannot be had, then defendant will pay to the plaintiff the value of said property and all costs and damages that may be awarded," the form of the bond being substantially as prescribed by C. S., 813, rather than as prescribed by 815 for discharge of the attachment. Thereafter judgment was obtained in the action against the defendant, the surety not being a party thereto. *Held:* Summary judgment against the surety, without notice, is error, the remedy being purely statutory and there being no statutory provision for summary judgment on the undertaking.

STACY, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Frizzelle, J.,* at May 9 Term, 1939, of CRAVEN. Affirmed.

The plaintiff appealed from judgment of the judge below affirming judgment of the clerk of the Superior Court of Craven County, vacating a summary judgment theretofore rendered by him against the United States Fidelity & Guaranty Company, surety on the forthcoming bond in attachment of the defendant Coastwise Shipping & Lighterage Company of Delaware, Inc. ·

The proceedings leading up to the judgment appealed from may be summarized as follows: E. H. & J. A. Meadows Company (hereinafter referred to as the Meadows Company), a North Carolina corporation, instituted action against Coastwise Shipping & Lighterage Company of Delaware, Inc. (hereinafter referred to as the Shipping Company), to recover damages for the breach of a contract of affreightment and caused attachment to be levied upon a barge, the property of the Shipping Company. The Shipping Company executed bond for the release of the attached property with the United States Fidelity & Guaranty Company as surety. This bond in the sum of $2,000 was conditioned for the "return of the property to the sheriff of Craven County if return thereof be adjudged by the court, and to pay all costs that may be awarded against it, and if return of said property cannot be had, then defendant will pay to the plaintiff the value of said property and all costs and damages that may be awarded."

Thereafter the Shipping Company instituted proceedings in admiralty against the Meadows Company in the District Court of the United States for the limitation of the liability of the barge owner, and also sued out libel *in personam* against the Meadows Company for the recovery of the freight on the cargo. Restraining order issued to restrain the Meadows Company from prosecuting its action in the Superior Court of Craven County. The proceedings in the United States District Court were consolidated. Upon plea entered by the Meadows Company setting up the original jurisdiction of the state court, after hearing, the judge of the United States District Court entered judgment denying petition for limitation of liability, vacating the restraining order and decreeing that the plaintiff Hoft (who had succeeded to the rights of the Meadows Company and been made party plaintiff) recover of the Shipping Company $1,000. It was also decreed that plaintiff Hoft recover on the bond executed by the United States Fidelity & Guaranty Company the penalty of the bond to be discharged on payment of $1,000 and costs. Thereafter the decree of the United States District Court was modified by eliminating therefrom the adjudged recovery against the United States Fidelity & Guaranty Company, surety on the bond of the Shipping Company in attachment, without prejudice to the rights of the parties to proceed as they might be advised in the Superior Court of Craven County. The judgment of the United States District Court was duly certified to the Superior Court of Craven County and docketed.

On 30 December, 1938, plaintiff Hoft filed an amended complaint setting out the material facts and the judgment of the United States District Court, and asking recovery of defendant Shipping Company and the surety on its bond in the sum of $1,000, together with interest and costs. April 17, 1939, the clerk of the Superior Court of Craven County rendered judgment by default against the Shipping Company and the United States Fidelity & Guaranty Company as prayed.

The United States Fidelity & Guaranty Company was not made party to any of those proceedings and no process against it was issued or served. Learning of the judgment against it, the United States Fidelity & Guaranty Company entered special appearance and moved to vacate the judgment against it on the ground that no notice having been given it, the court was without jurisdiction to adjudge recovery against it on the forthcoming bond executed by it for the defendant Shipping Company, and that plaintiff was not entitled to a summary judgment against it. The clerk of the Superior Court thereupon (under authority of *Bizzell v. Mitchell,* 195 N. C., 484, 142 S. E., 706), vacated the judgment against the United States Fidelity & Guaranty Company, without

prejudice, however, to the right of plaintiff to institute action against it upon the bond in attachment.

Upon appeal to the judge of the Superior Court, the judgment of the clerk was affirmed, and the plaintiff appealed to the Supreme Court.

*W. B. R. Guion for plaintiff.*

*R. M. Cann and R. Clarence Dozier for United States Fidelity & Guaranty Co., Surety.*

DEVIN, J. The appeal challenges the correctness of the ruling of the court below that the plaintiff was not entitled to a summary judgment against the surety on the bond of the defendant executed for the return of property attached. The appellant contends that, being entitled to recover against the principal, at the same time and in the same action, he was entitled to judgment, without notice or hearing, against the surety on the principal's forthcoming bond given for the release of property lawfully attached.

An examination of the record of the various proceedings in this case, which extended over a period of several years, leads us to the conclusion that summary judgment, without notice, against the surety on the bond of the defendant in attachment, conditioned for the return to the sheriff of Craven County of the property attached, if return thereof be adjudged by the court, may not be entered as a matter of course upon ascertaining the amount due plaintiff by the defendant.

The form of the bond in suit is substantially that prescribed by C. S., 813, rather than that authorized by C. S., 815 when application is made by defendant for the discharge of the attachment. While the rule is that a plaintiff in claim and delivery proceedings, upon recovery, is entitled to a summary judgment against the sureties on the defendant's replevin bond (*Trust Co. v. Hayes,* 191 N. C., 542, 132 S. E., 466), the proper form of the judgment in that case is first for the possession of the property claimed, and, in case delivery cannot be had, for recovery against the defendant and the sureties on the replevin bond. However, the rules of procedure applicable to the different ancillary remedies prescribed in the code of civil procedure are not in all respects the same. These remedies are purely statutory and rights thereunder are governed by the provisions of the statutes relating thereto. *Mahoney v. Tyler,* 136 N. C., 40, 48 S. E., 549; *Williams v. Perkins,* 192 N. C., 175, 134 S. E., 417. The procedural question relative to the judgment in attachment, presented by this appeal, seems to have been settled by the decision of this Court in *Bizzell v. Mitchell, supra,* where it was said: "It may be noted that no statute in attachment makes provision for summary judgment on the undertaking. The statute, C. S., 815, *supra,*

MANHEIM *v.* SURETY CO.

says: 'That the surety will, on demand, pay to the plaintiff,' etc. See *Mahoney v. Tyler,* 136 N. C., 40; *Williams case, supra.* No summary judgment against the surety, H. L. Bizzell, on the undertaking in this attachment could be rendered in this action. The judgment tendered by plaintiff, appellant, against the surety was properly denied. Of course, by consent, a surety on an undertaking on attachment can come in and the matter be determined in the one action, otherwise a separate action must be brought on the undertaking." This rule of procedure finds support in 5 Am. Jur., 157, where it is said: "The usual practice in the enforcement of a bond to dissolve an attachment or garnishment or to release attached or garnished property is by an action on such bond."

The cases of *Thompson v. Dillingham,* 183 N. C., 566, 112 S. E., 321, and *Martin v. McBryde,* 182 N. C., 175, 108 S. E., 739, cited by plaintiff, may not be held controlling under the facts of this case. In *Thompson v. Dillingham, supra,* the bond was given for the discharge of the attachment and was conditioned to pay to the plaintiff any and all sums the plaintiff should recover in the action. It was there held that the judgment against the principal, unassailed and unexcepted to, was not open to objection by the surety who must conform to his obligation. In *Martin v. McBryde, supra,* the bond, substituted upon release of attached property, was for the payment of the recovery which should be adjudged. The other cases cited by plaintiff are not in point.

The judgment of the court below is

Affirmed.

STACY, C. J., took no part in the consideration or decision of this case.