### E. W. WHITAKER v. MARVIN WADE, JR.

(Filed 13 October, 1948.)

**1. Attachment § 3—**

The ancillary writ of attachment may be issued only on one or more of the grounds specified by statute, G. S., 1-440.3, and the grounds upon which it is issued must be made to appear by affidavit. G. S., 1-440.11.

**2. Attachment § 18—**

A defendant may attack the grounds of an attachment prior to the trial of the main issue, G. S., 1-440.36, or by allegations in his answer for determination upon the trial. G. S., 1-440.41.

**3. Same—**

Where defendant, in his answer, alleges the falsity of the averment in plaintiff's affidavit upon which attachment was issued, the issue thereon is properly submitted at the trial and, when answered in favor of defendant, the court properly dissolves the attachment and discharges defendant's surety from liability.

**4. Attachment § 23—**

Damages for wrongful attachment may not be assessed in the trial of the main action regardless of whether defendant's cause be considered an action on plaintiff's bond or a cross-action for the wrongful issuance of the writ, since in neither case can the cause arise until wrongfulness in the issuance of the writ has been adjudicated. G. S., 1-440.45.

**5. Same—**

Where it is determined upon the trial of the main issue that plaintiff's averment upon which attachment was issued was false, defendant may have damages assessed for the wrongful attachment either upon motion in the cause after judgment or by subsequent independent action.

APPEAL by plaintiff from *Edmundson, Special Judge,* May Term, 1948. Modified and affirmed.

Civil action to recover on open account for merchandise sold and delivered in which an ancillary warrant of attachment was issued.

Plaintiff instituted this action to recover $1,856.25, with interest, alleged to be due on open account. At the same time he sued out a warrant of attachment. The affidavit upon which the warrant was issued avers that defendant, a resident of this State, "is about to remove his property from the State with intent to defraud his creditors . . ." He filed attachment bond in the sum of $500.00. The sheriff levied upon one Fruehauf trailer and one 1945 Autocar tractor. Thereupon defendant filed his bond in the sum of $2,000, conditioned as required by statute, and the property seized was returned to him.

The defendant in his answer denies that he was about to remove his property from the State with intent to defraud his creditors and alleges

that plaintiff's affidavit was false and fraudulent and made for the purpose of injuring defendant and his good name; that the warrant of attachment was wrongfully issued; and that the seizure of his property was wrongful and unlawful. He prays judgment in the sum of $2,000.

When the cause came on for trial in the court below, issues were submitted to and answered by the jury as follows:

"1. In what amount, if anything, is the defendant indebted to the plaintiff?

"Answer: $1,425.00 with interest from the 25th day of January, 1947.

"2. At the time the warrant of attachment was issued was the defendant about to remove his property from the State with intent to defraud his creditors?

"Answer: No.

"3. In what amount, if anything, has the defendant been damaged by the attachment?

"Answer: $ .25."

The plaintiff excepted to the submission of the second and third issues and, upon the coming in of the verdict, moved to set aside the verdict on these issues. The motion was denied and plaintiff excepted. The court signed judgment for plaintiff on the first issue and for defendant on the third issue. The judgment likewise vacated the attachment and discharged the surety on defendant's replevin bond. Plaintiff excepted and appealed.

*J. T. Flythe and J. Faison Thomson for plaintiff appellant.*
*No counsel contra.*

BARNHILL, J. The ancillary writ of attachment may be issued only on one or more of the grounds specified by statute, G. S. 1-440.3, and the grounds upon which it is issued must be made to appear by affidavit. G. S. 1-440.11.

When the defendant contests the grounds on which the writ issued, the statute provides a ready means of attack upon the writ without awaiting the trial of the main issue. G. S. 1-440.36. But this remedy is not exclusive. G. S. 1-440.41. He may make the necessary allegations in his answer by way of defense and await the trail. *Bizzell v. Mitchell,* 195 N. C., 484. This latter course was pursued by the defendant. The falsity of the averment in plaintiff's affidavit is sufficiently alleged. Hence the submission of the second issue must be sustained. See G. S. 1-440.36 (c).

The jury having found by their answer to the second issue that the attachment was wrongfully issued, it was proper for the court to dissolve

the attachment and discharge the defendant's surety from liability. *Bizzell v. Mitchell, supra.*

Prior to 1947, there was no provision in the statute G. S. Chap. 1, Art. 35, for the assessment of damages in the original action against the plaintiff and his surety for the wrongful issuance of a warrant of attachment. The defendant was compelled to pursue his remedy by independent action after the groundlessness of the action or the ancillary writ was judicially determined. *Kramer v. Electric Light Co.,* 95 N. C., 277; *Mahoney v. Tyler,* 136 N. C., 40; *Hoft v. Lighterage Co.,* 215 N. C., 690, 3 S. E. (2d), 20; Anno., 85 A. L. R., 648.

But the Legislature in 1947, by Chap. 693, Session Laws of 1947, revised and re-enacted G. S. Chap. 1, Art. 35, making certain material changes therein. See G. S. 1-440.1 *et seq.* Part 6 of Chap. 693, Session Laws of 1947, is entitled "Procedure after Judgment" and the first section thereof is as follows:

"Sec. 1-440.45. When defendant prevails in the principal action.—

"(a) If the defendant prevails in the principal action, or if the order of attachment is for any reason dissolved, dismissed or set aside, or if service is not had on the defendant as provided by Sec. 1-440.7 . . .

"(b) . . .

"(c) The defendant may recover in the original action on any bond taken for his benefit therein, or he may maintain an independent action thereon."

This does not mean that defendant's claim against plaintiff's bond may be heard and damages assessed at the original hearing. It provides instead that such damages are to be assessed in the same action, at the election of the defendant, after judgment on the main issue.

Defendant's cause of action on the bond is bottomed on the wrongful issuance of the writ. The groundlessness of the writ is an essential element of his right to damages and this cannot completely exist or appear until that fact is judicially determined either by judgment vacating the writ or judgment against the plaintiff in the main action. Then only does defendant's cause of action on the bond arise and become complete. His proper remedy is by motion in the cause after judgment.

If defendant's cross action as alleged in his answer be treated as an action against plaintiff for the wrongful issuance of the writ and not as an action on the bond, the result is the same. His cause of action does not arise until the wrongfulness of the writ is adjudicated. Hence, "It would be anomalous and absurd to sue upon a cause of action before it had arisen. And quite as absurd to sue upon a constituent part of a cause of action that may never arise! There was therefore no *counter-claim* alleged." *Kramer v. Electric Light Co., supra.*

The submission of the third issue and the judgment thereon must be held for error. The cause must be retained on the docket for the assessment of the damages sustained by defendant by reason of the wrongful issuance of the warrant of attachment herein, provided defendant so elects. He may, however, if he so desires, pursue his cause by independent action.

The cause is remanded to the end that judgment may be entered accordant with this opinion.

Modified and affirmed.