COOR FARM SUPPLY SERVICE, INC. v. JESSE JAMES THOMPSON AND WIFE, ELLA M. THOMPSON

No. 7711SC375

(Filed 21 February 1978)

**Appeal and Error § 9— attachment order dissolved—appeal—trial on merits while appeal pending—appeal moot**

Plaintiff's appeal from the trial court's order dissolving an order of attachment entered by the clerk is moot where, pending the hearing of this appeal, trial on plaintiff's action to recover balance allegedly due for merchandise sold and delivered took place in superior court resulting in a money judgment in favor of plaintiff against defendant.

APPEAL by plaintiff and cross-appeal by defendants from *McLelland, Judge.* Order entered 9 March 1977 in Superior Court, JOHNSTON County. Heard in the Court of Appeals 10 February 1978.

This is a civil action to recover judgment for balance allegedly due for merchandise and supplies sold and delivered. Defendants answered, denying any indebtedness and pleading the statute of limitations. On 2 February 1977 plaintiff obtained an order of attachment from the Clerk of Superior Court. Pursuant to this order, the sheriff on 4 February 1977 levied on defendants' farming equipment. On 10 February 1977 defendants moved to set aside the order of attachment on the grounds (1) that it had been entered without notice or opportunity to be heard in violation of defendants' State and Federal Constitutional rights and (2) that the affidavit on which it was based was fatally defective in that it failed to comply with G.S. 1-440.11(a)(2)b. On 15 February 1977 plaintiff filed motion for leave to amend its affidavit on which the attachment was based.

These motions came on for hearing before Judge D. M. McLelland, the Judge of Superior Court presiding at the 28 February 1977 Civil Session of Superior Court in Johnston County. On 9 March 1977 Judge McLelland filed an order (1) allowing plaintiff's motion to amend its affidavit for attachment; (2) finding G.S. Chap. 1, Art. 35, to be constitutional; but (3) finding that plaintiff's original affidavit for attachment and the affidavit as amended, considered together, failed to comply with G.S. 1-440.11(a)(2)b. On these findings Judge McLelland dissolved the order of attachment theretofore entered by the Clerk of Superior Court.

Plaintiff appealed from the order dissolving the attachment. Defendants filed a cross-appeal, assigning error to the court's ruling adjudging G.S. Chap. 1, Art. 35, to be constitutional.

*Mast, Tew, Nall & Moore by W. Richard Moore, Joseph T. Nall, and George B. Mast for plaintiff appellant.*

*L. Austin Stevens for defendants appellees and cross-appellants.*

PARKER, Judge.

On oral argument counsel for the parties informed this Court that, pending the hearing of this appeal, trial of plaintiff's action has taken place in the Superior Court, resulting in a money judgment in favor of the plaintiff against the male defendant. It is apparent, therefore, that the questions sought to be presented by

this appeal have become moot, plaintiff's present remedy being to enforce collection of its judgment. An appellate court will not decide a moot question. 1 Strong's N.C. Index 3rd, Appeal and Error § 9.

We note that the constitutional question which defendants sought to present by their cross-appeal has already been decided adversely to their contentions. *Properties, Inc. v. Ko-Ko Mart, Inc.*, 28 N.C. App. 532, 222 S.E. 2d 267 (1976), *petition for discretionary review denied*, 289 N.C. 615, 223 S.E. 2d 392 (1976).

Appeal dismissed.

Judges MARTIN and ARNOLD concur.