RAYMOND CONNOLLY AND WIFE, MARY CONNOLLY v. BETTY RICH
SHARPE AND HUSBAND, CHARLES SHARPE

No. 8022SC196

(Filed 7 October 1980)

1. **Attachment § 1– prejudgment attachment – constitutionality of statutes**

    G.S. 1-440.1 et seq., which permits prejudgment attachment without
    prior notice and opportunity to be heard, does not violate federal and state
    constitutions.

2. **Attachment § 2– unrelated fraudulent act alleged in affidavit – insufficiency of
    affidavit to support attachment**

    Plaintiffs' mere suspicion alleged in their affidavit that defendants had
    committed the possibly unrelated fraudulent act of burning their house one
    week after obtaining a $5000 increase in insurance coverage would not
    support prejudgment attachment to prevent another anticipated fraudu-
    lent act, and the trial court erred in failing to make findings of fact when it
    upheld the attachment.

APPEAL by defendants from *Walker, Judge.* Order entered 3
December 1979 in Superior Court, ALEXANDER County. Heard in
the Court of Appeals 9 September 1980.

The clerk of court for Alexander County issued an order for
attachment of defendants' property in Caldwell County on 16
July 1979. The clerk denied defendants' motion to dismiss the
order. Defendants appealed to Superior Court where the
attachment was upheld by the order of 3 December 1979.

Plaintiffs have filed a complaint in Alexander County seek-
ing substantial damages in the amount of $108,170.00 from
defendants for malicious prosecution arising out of five sepa-
rate arrests. Plaintiffs applied for an order of prejudgment
attachment by posting a bond for $1000.00 and filing an affidavit
as required by G.S. 1-440.10 and 1-440.11. The clerk ordered the
attachment, and the sheriff of Caldwell County attached two
real estate lots owned by defendants in Caldwell County which
have a tax value of $16,730.00.

Defendants are residents of North Carolina. They made a
motion to the clerk to dismiss the attachment, increase the
amount of plaintiffs' bond to $500,000.00 and order judgment
against plaintiffs in the amount of $50,000.00 for abuse of pro-
cess. The clerk denied defendants' motion because "it

Connolly v. Sharpe

[appeared] to the court from the evidence presented that the said attachment was properly ordered." On appeal, the Superior Court upheld the attachment but in its order increased plaintiffs' bond to $5000.00. The judge made no findings of fact concerning the basis of plaintiffs' allegations in the affidavit supporting the attachment. The parties stipulated that the only evidence was the record itself and that no other evidence was introduced at either hearing before the clerk or the judge.

*Martin L. Kesler, Jr., for plaintiff appellees.*

*W.P. Burkhimer, for defendant appellants.*

VAUGHN, Judge.

Though defendants bring several assignments of error, there are only two basic issues. The first is whether G.S. 1-440.1 et seq., which permits prejudgment attachment, without prior notice and opportunity to be heard, violates the federal and state constitutions. We must affirm the constitutionality of the statute. The second is whether prejudgment attachment may be issued without supporting factual evidence that defendants had attempted to defraud any creditor. We hold it was prejudicial error to order attachment upon plaintiffs' bare affidavit in this case and reverse.

[1] We need not present a detailed constitutional analysis of the attachment statute here. The question defendants seek to raise has already been answered adversely to their contentions. *Supply Service v. Thompson,* 35 N.C. App. 406, 241 S.E. 2d 364 (1978). The statute complies with procedural due process as required by the federal constitution. *Hutchinson v. Bank of North Carolina,* 392 F. Supp. 888 (M.D.N.C. 1975). Also, it has withstood attack under our state constitution. *Properties, Inc. v. Ko-Ko Mart, Inc.,* 28 N.C. App. 532, 222 S.E. 2d 267, *cert. den.,* 289 N.C. 615, 223 S.E. 2d 392 (1976).

[2] Nevertheless, plaintiffs were required to submit an affidavit meeting statutory requirements before attachment could be ordered. *Whitaker v. Wade,* 229 N.C. 327, 49 S.E. 2d 627 (1948). Plaintiffs' affidavit recited the elements of G.S. 1-440.11(a)(1) and in pertinent part stated:

> 3. That the ground for attachment in this action is that the defendant is:

*x* A person or a domestic corporation which, with intent to defraud his or its creditors,

*x* Has removed, or is about to remove, property from this State, or

*x* Has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, property.

4. That the facts and circumstances supporting allegations or acts committed with intent to defraud creditors are as follows: Defendants, Betty and Charles Sharpe, are believed to have destroyed a house belonging to them in Alexander County, by fire, one week after obtaining a $5,000.00 increase in insurance coverage on that property.

Plaintiffs presented no evidence other than the affidavit at the hearing upon defendants' motion to dismiss the attachment. We conclude that plaintiffs' affidavit was insufficient to support prejudgment attachment.

Attachment is a statutory remedy which must be strictly construed; however, substantial compliance with the statutory requirements will suffice. *Bethell v. Lee*, 200 N.C. 755, 158 S.E. 493 (1931). Attachment against resident defendants must be based on an affidavit setting forth the facts and circumstances supporting allegations that they have done or are about to do any act with intent to defraud their creditors. G.S. 1-440.11(a)(2) (b); *Howard Co. v. Baer*, 203 N.C. 355, 166 S.E. 77 (1932). Failure to set forth supporting facts and circumstances in a definite and distinct manner causes the attachment affidavit to be fatally defective. *Finch v. Slater*, 152 N.C. 155, 67 S.E. 264 (1910).

Plaintiffs requested the extraordinary remedy of prejudgment attachment relying only on a belief that defendants had destroyed their house one week after obtaining a $5000.00 increase in insurance coverage. No further facts were ever given to establish a justification for this belief. Plaintiffs did not even provide the date on which defendants allegedly destroyed their house. We cannot tell whether the timing of the destruction was a motivating factor in plaintiffs' request for protection by the attachment process. We are compelled, however, to agree with defendants that the attachment appears to have been "issued on the basis of no more than a rumor, with no evidence offered

at any time, in the affidavit or at the hearings, to support the rumor." The affidavit should have stated more particulars concerning defendants' destruction of their house enabling the court to determine whether there had been a fraudulent disposition of property. *Hughes v. Person*, 63 N.C. 548 (1869).

The rule is best stated in *Judd v. Mining Co.*:

> When the affidavit is that the defendants are "about to assign or dispose of their property with intent to defraud the plaintiffs," that being not the assertion of a fact, but necessarily of a belief merely, the grounds upon which such belief is founded must be set out that the court may adjudge if they are sufficient.

120 N.C. 397, 399, 27 S.E. 81 (1897); *Brown v. Hawkins*, 64 N.C. 645 (1871). Thus, it is generally held that an affidavit made on belief as to the ground of attachment must give the sources of information and recite positive facts reasonably supporting the belief. *Annot.*, 86 A.L.R. 588 (1933). *See also Annot.*, 8 A.L.R. 2d 578 (1949). Clearly, plaintiffs' mere suspicion that defendants committed a possibly unrelated fraudulent act will not support prejudgment attachment to prevent another anticipated fraudulent act.

Finally, we must note that G.S. 1-440.36(c) provides that "[e]ither the clerk or the judge hearing and determining the motion to dissolve the order of attachment shall find the facts upon which his ruling thereon is based." In the record before us, the trial court made no findings of fact when it upheld the attachment on 3 December 1979. The burden was upon plaintiffs to come forward with evidence in support of the bare allegations of the affidavit. They failed to do so. There was, therefore, no evidence that would have supported findings sufficient to sustain the order of attachment. The motion to dismiss the attachment should have been allowed.

The order appealed from is reversed.

Reversed.

Judges MARTIN (Robert M.) and WEBB concur.