MILTLAND RALEIGH-DURHAM (A PARTNERSHIP), INDIVIDUALLY AND IN THE RIGHT OF MYERS MILTLAND RALEIGH-DURHAM, LIMITED PARTNERSHIP, PLAINTIFF v. PETER W. MUDIE, DEFENDANT

No. COA95-313

(Filed 2 April 1996)

**Attachment and Garnishment § 13 (NCI4th)— prejudgment attachment of property—no notice and hearing—exigent circumstance—no denial of due process**

Defendant's due process rights were not violated because he did not receive notice and hearing prior to attachment of his

property, since defendant was not a resident of this state at the time the attachment proceedings were commenced; defendant refused to accept service several times at an address he had verified; and this evasion of the judicial system was sufficient to constitute an exigent circumstance evidencing a likelihood that defendant would avoid not only the lawsuit but also any potential judgment against him, and the circumstance thus allowed attachment without a prior hearing. N.C.G.S. § 1-440 *et seq.*

**Am Jur 2d, Attachment and Garnishment § 293.**

Appeal by defendant from order entered 15 December 1994 by Judge D. Jack Hooks, Jr. in Durham County Superior Court. Heard in the Court of Appeals 22 January 1996.

*Hunter, Wharton & Stroupe, L.L.P., by V. Lane Wharton, Jr., for plaintiff-appellee.*

*Wallace, Creech, Sarda & Zaytoun, L.L.P., by John R. Wallace and Peter J. Sarda, for defendant-appellant.*

LEWIS, Judge.

At issue in this case is the entry of an order of attachment. Because we determine that the order did not violate plaintiff's due process rights, we affirm the trial court's denial of defendant's motion to dissolve the attachment.

This case arises out of a 1985 purchase of property in Durham by Myers Miltland Raleigh-Durham ("Myers"), a Texas limited partnership. Plaintiff Miltland Raleigh-Durham ("Miltland"), a New York general partnership, is the sole limited partner in Myers. Defendant Mudie allegedly conspired against Miltland representatives, causing Myers to pay an inflated amount for the property. Miltland sued defendant for fraud, breach of duty and unfair and deceptive practices.

In October 1992, after checking Durham County tax records and records at the Department of Motor Vehicles, Miltland attempted to serve defendant at the listed addresses in Durham, North Carolina, London, England, and St. -Guilhem-le-Dèsert, France. The complaint was returned unserved. The next month an Alias and Pluries Summons was sent by registered mail to defendant at his address in France but was returned unclaimed. On 2 December 1992 defendant sent a letter to representatives of Miltland stating that he was

presently living at the address in France. Miltland then sought to attach property owned by the defendant in Durham pursuant to N.C. Gen. Stat. section 1-440 et seq. on the basis that defendant was a non-resident. On 9 December 1992 an order of attachment was signed.

Beginning 8 January 1993 Miltland published a Notice of Service of Process by Publication in the Durham County Herald-Sun newspaper for three successive weeks. The notice also contained notice of the attachment. Following this, Miltland sent two more Alias and Pluries Summons to the address in France on 20 January 1993 and 5 April 1993, both of which were refused.

On 2 June 1994, making a special appearance, defendant sought an order increasing the amount of the bond which Miltland was required to post prior to the attachment order. The court raised the bond from $5,000 to $10,000. On 7 July 1994 defendant moved to dissolve the order of attachment on the grounds that, among others, it was unconstitutional and plaintiff had no grounds for attachment. This motion was denied by order of the trial court entered 15 December 1994. Defendant appeals from this order.

On appeal defendant has made one very broad assignment of error which he then proceeds to break down into nine arguments in his brief. Rule 10 of the Rules of Appellate Procedure states that each assignment of error "shall . . . be confined to a single issue of law; and shall state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C.R. App. P 10(c)(1) (1996). This rule exists to " 'identify for the appellee's benefit all the errors possibly to be urged on appeal . . . so that the appellee may properly assess the sufficiency of the proposed record on appeal to protect his position' " and to "enable[] the appellate court to 'fairly and expeditiously' consider the assignments of error as framed without 'making a voyage of discovery' through the record in order to determine the legal questions involved." *Kimmel v. Brett*, 92 N.C. App. 331, 335, 374 S.E.2d 435, 437 (1988) (quoting N.C.R. App. P. 10(c), commentary).

Defendant's assignment of error reads as follows:

1. The court's denial of Defendant's motion to dissolve the order of attachment on the grounds that the attachment order was improperly entered and in violation of Defendant's due process rights. Further, the attachment statute, as applied to this defendant is in violation of the Constitution of the United States.

This assignment clearly violates Rule 10. It is not confined to a single issue of law and fails to state the legal basis for the assertion that the order was "improperly entered." Therefore, plaintiff's exceptions should be deemed abandoned. *See id.* However, using our Rule 2 discretionary powers, we have chosen to consider whether the order of attachment violated appellant's due process rights, as it is the only legal basis provided by appellant in his assignment of error. Similarly, we do not consider appellant's argument that our attachment statute is unconstitutional because appellant only assigned error to the application of the statute in this case. *See* N.C.R. App. P. 28(b)(5) (1996).

In arguing that his due process rights were violated in the application of G.S. section 1-440 et seq., appellant relies on a line of United States Supreme Court cases beginning with *Fuentes v. Shevin*, 407 U.S. 67, 32 L. Ed. 2d 556 (1972). He argues that the attachment of his property did not comply with the safeguards required by the Supreme Court in prejudgment attachment proceedings. We disagree.

Defendant argues that his due process rights were violated because he did not receive notice and hearing prior to the attachment of his property. This Court has already addressed the issue of whether notice and a hearing are required prior to attachment under G.S. section 1-440 et seq. In *Properties, Inc. v. Ko-Ko Mart, Inc.*, 28 N.C. App. 532, 222 S.E.2d 267, *disc. review denied*, 289 N.C. 615, 223 S.E.2d 392 (1976), this Court analyzed our attachment statute and found that it complied with the tests set out by the Supreme Court in *Fuentes, Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 40 L. Ed. 2d 406 (1974) and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 42 L. Ed. 2d 751 (1975), three cases relied on by appellant. 28 N.C. App. at 539-40, 222 S.E.2d at 272-273; *accord Hutchinson v. Bank of North Carolina*, 392 F.Supp. 888, 898 (M.D.N.C. 1975). In *Properties*, this Court concluded that prior notice and hearing is not required in an attachment proceeding. 28 N.C. App. at 542, 222 S.E.2d at 273; *see also Connolly v. Sharpe*, 49 N.C. App. 152, 270 S.E.2d 564 (1980) (finding attachment statute in compliance with federal due process requirements).

Appellant cites two United State Supreme Court cases decided subsequent to *Properties* and *Connolly*. In *Connecticut v. Doehr*, 501 U.S. 1, 115 L. Ed. 2d 1 (1991), the court held that due process requires a finding of "some exigent circumstance" before attaching property without a prior hearing. 501 U.S. at 18, 115 L. Ed. 2d at 18. *United States v. Good Real Property*, —— U.S. ——, 126 L. Ed. 2d 490 (1993),

dealt with the ex parte seizure, not prejudgment attachment, of real property. However, the court mimicked the language of *Doehr*, stating that pre-deprivation notice and hearing are required unless exigent circumstances are present. *Id.* at ——, 126 L. Ed. 2d at 508-09.

After reviewing these recent cases, we conclude that appellant's due process rights were not violated by the failure to provide pre-attachment notice and hearing under the present facts. The record shows that Mr. Mudie was not a resident of this state at the time the attachment proceedings were commenced and that he refused to accept service several times at an address he had verified. We hold that under these facts, this evasion of the judicial system is sufficient to constitute an "exigent circumstance" which evidences a likelihood on Mr. Mudie's part to avoid not only the lawsuit but also any potential judgment against him.

Defendant Mudie also argues that the attachment violates his due process rights because the damages at issue were "unliquidated." However, the attachment order specifies a sum certain, namely $330,000. This argument fails.

As stated above, we do not address any of the arguments set forth by appellant based on the constitutionality of G.S. section 1-440 *et seq.*, jurisdiction, capacity or sufficiency of the bond as they were not properly preserved for our review.

The order of the trial court is

Affirmed.

Chief Judge ARNOLD and Judge WALKER concur.